[City of Uniontown v. State, ex rel. Glass.]

# City of Uniontown v. State, ex rel. Glass.

### Quo Warranto.

[DECIDED JAN. 3, 1906, 39 So. REP. 814.]

1. *Franchises; What are; Dispensaries.*—The operation of a dispensary by a municipality for the sale of liquors is the exercise of a franchise, and the municipality must derive its right to operate it from some authority granted by the sovereign.

2. *Quo Warranto; Who Subject; Municipalities.*—An action in the nature of *quo warranto*, under the statute, (Sec. 3420, Code 1896) lies against any one who usurps or unlawfully uses a franchise, and this applies as well to municipalities as to private persons or corporations.

3. *Statutes; Formality of Passage; Reading; Presumptions.*—Where the Journal shows that a motion was made to dispense with the reading at length of a bill just before signing, and that the motion was carried, yeas 21, nays 0, giving the names of those voting yea, it will be presumed, unless the Journal affirmatively shows to the contrary, that only 21 senators were present when the bill was signed, and that all voted favorably to dispense with the reading; the Senate being bound to an observance of the constitutional provision, it will be presumed to have obeyed its mandate.

4. *Local Laws; Notice of Intention to Introduce.*—The mandate of the constitution, Sec. 106, is fully satisfied when the notice of the intention to introduce a local act contains the essence abstract or compendium of the act proposed, so as to fairly and reasonably advise the people to be affected by it, of its essential and material parts.

5. *Same; Constitutionality.*—Act establishing a dispensary in the city of Uniontown; (Local Acts 1903, p. 5) held not violative of Constitution of 1901.

APPEAL from Perry Circuit Court.
Heard before Hon. DANIEL PARTRIDGE, JR.

The state on the relation of Glass filed a petition in the nature of *quo warranto*, against the city of Union-

[City of Uniontown v. State, *ex rel.* Glass.]

town, its mayor and aldermen, and one Harwood, alleging that they were usurping and exercising an exclusive right and franchise to sell liquor in said town, with a prayer for ouster.

The respondents demurred separately, raising the question of misjoinder of parties, in that the dispenser, Harwood, is not shown to have any necessray connection with the other defendants, as Uniontown might have legally been engaged in the business and Harwood might not have been a legal dispenser; and that the information does not aver that there existed in Uniontown any exclusive franchise for the sale of liquors and if none existed, there was nothing on which the information could operate. These demurrers being overruled the respondents replied setting up their authority under the act of Feb. 14, 1903. The petitioner demurred to the answer alleging that the act was not constitutionally passed; 1st, for the want of proper notice and 2nd, that the reading of said bill at length before signing by the presiding officer was not done by the required majority. The judge granted the prayer and ousted the respondent, holding the act unconstitutional.

MALLORY & MALLORY, for appellants.—The journal affirmatively shows that a quorum was present, and that all of them voted for the motion to dispense with the reading before signing. The court will presume that the Senate did its duty and complied with the requirements of the Constitution in this particular. The notice of the intention to apply for the passage of the act conveyed to the public mind a reasonable apprehension of the substance of what was proposed by the act.—*Mitchell, et al. v. The State, ex rel.,* 134 Ala. 392; *Wallace v. Board of Revenue,* 140 Ala. 491.

CHARLES G. BROWN & PETTUS & JEFFRIES, for appellee. —The case of *Dudley v. Fitzpatrick,* 143 Ala. 162 is distinguishable from this case and does not militate against the contention of appellee that the act in question is violative of Section 106 of the Constitution of 1901.

[City of Uniontown v. State, *ex rel.* Glass.]

TYSON, J.—This is a proceeding in the nature of a *quo warranto,* instituted against the municipality of the city of Uniontown, its mayor and aldermen, and one Harwood, for the purpose of inquiring into their right to operate a dispensary for the sale of liquors, etc. It is averred in the information that the several parties "have usurped and exercised without grant, warrant, or authority of law, for a long space of time, to-wit, five months or more last past, and still continue to usurp and exercise, the privilege and franchise of operating a dispensary for the sale of vinous, spirituous, and malt liquors, and of engaging in the business of selling vinous, spirituous, and malt liquors, in said city and within the corporate limits thereof." It cannot be seriously questioned that the operation of a dispensary for the sale of liquors is the exercise of a franchise, and the right to do so must be derived under authority granted by the state; and under the statute the action may be brought in the name of the state against any person who usurps or unlawfully exercises any franchise, etc.—Section 3420, Code 1896.

A municipal corporation is a person in the sense in in which that word is used in this section—*Poole, ex rel. Adams v. City of Oakland,* (Cal.) 28 Pac. 807. That such an action will lie against a municipal corporation, when it usurps the exercise of a franchise not granted by its charter or by law, seems to be well settled.—2 Spelling on Extraordinary Relief, § 1801; 17 Ency. Pl. & Pr. p. 396, and cases cited in note 6; *State v. City of Cincinnati,* 23 Ohio St. 445.

We may, under the view we take of this case, pretermit a decision of the sufficiency of the allegations of the petition, which is raised by the demurrer, and deal with the question of the right of the respondents to exercise the franchise, as presented by their answer. Their answer predicates their right to operate the dispensary upon the authority granted to the city of Uniontown under an act of the General Assembly approved February 4, 1903.—Loc. Acts 1903, p. 5. This act is a local one, and the authority of respondents to exercise the franchise depends on its validity. It is urged by relator that

it is invalid, because unconstitutional. This contention is based upon two grounds: First, that the notice given of the intention to apply for its enactment by the General Assembly was not such as is required by section 106 of the Constitution; and, second, because the journal of the Senate does not show that two-thirds of the quorum present of that body voted in favor of the suspension of the reading of the bill at length when signed by the presiding officer, as required by section 66 of the Constitution.

The journal of the Senate shows that the motion to dispense with the reading of the bill was passed by a vote taken by yeas and nays—yeas 21, nays 0; and shows the names of the senators voting. It is true it does not state or recite the fact affirmatively that those voting constituted two-thirds of the quorum present; but it must be presumed, in the absence of any affirmative showing to the contrary by the journal, that there were only 21 of the senators present when the vote was taken and the bill signed. The senate was bound to an observance of the constitutional provision, and it will be presumed it obeyed its mandate.

This brings us to a consideration of the other objection urged against the validity of the act. This objection proceeds solely upon the insufficiency of the notice that was given. The notice was in this language: "The public will take notice that a bill will be introduced in the Legislature of the State of Alabama, during its next session, to establish a dispensary in the city of Uniontown, Perry county, Alabama, for the sale of spirituous and vinous liquors, malt liquors, wines, ciders, and other intoxicating liquors." The act passed in pursuance to the notice established in the municipality of the city of Uniontown a dispensary for the sale of spirituous, vinous, and malt liquors, and authorized that municipality to operate is. For the purpose of inaugurating the business it empowered the city to invest therein a sum of money not exceeding $2,000, and to select a dispenser who was to be paid a salary, possessing certain qualifications, and required him to take an oath and to give a bond for the faithful discharge of his duties. It also

[City of Uniontown v. State, *ex rel.* Glass.]

contained many provisions regulating the conduct of the business, and prescribes penalties for violations of certain prohibitory provisions. It also required the city to pay annually into the treasury of the state a license tax. The funds arising from the sales of liquors go into the treasury of the city. The business is made exclusive, and others are expressly prohibited from engaging in the traffic. These are the salient features of the act. Many of them, we apprehend, are mere details, and while, in a sense, they may be regarded as of substance for the purpose of effectually carrying out the main purpose of the act in establishing and operating a dispensary for the sale of liquors, yet we do not think it necessary that they should be contained in the notice. To so hold would practically require the notice to contain the entire act, and a material change or amendment by the Legislature of any one of its provisions as published would defeat the act, notwithstanding the people to be affected by it had full notice of its essential or material part, "essence, abtsract compendium, or meaning."—*Wallace v. Board of Revenue*, 140 Ala. 491, 37 South. 321. The essence, abstract, or compendium of the act under consideration is the establishment of a dispensary for the sale of liquors in the city of Uniontown, to be operated by that municipality.

In *Mitchell v. State*, 134 Ala. 392, 32 South. 687, it is said: "The word 'dispensary' and the phrases 'to establish and maintain a dispensary,' etc., had come before the session of Assembly of 1900-1 to have general and well-understood meanings in the legislation of the state. The 'question of dispensary' or the 'issue of dispensary' was the phrase in common and universal use when reference was had to the agitation prevalent throughout the state or in any county or municipality looking to committing and confining the sale of spirituous, vinous, and malt liquors to governmental agencies and on government account. And where this had been done it was said that 'a dispensary had been established,' and by that statement the fact that this traffic had been so committed and confined was as aptly and accurately and fully made known to the common apprehension as if every de-

tail had been stated. There, of course, may be dispensaries for the disposition of the commodities other than these liquors; but, when reference is made to 'them by the use of the word 'dispensary,' there must be some express differentiation, else the reference will be understood to be to dispensaries of liquors. Especially is this true of the use of the word in legislation; when, it is proposed by a bill to establish a dispensary, everybody at once understands that it is a dispensary of spirituous, vinous, and malt liquors which is proposed, and that the purpose is not only to authorize the sale of these liquors by agents of government, but also and further to prohibit the sale of them by private persons. * * * Hence it is that the title of the act under consideration, as set forth in its first clause, 'to establish and maintain, regulate and make efficient, a dispensary,' etc., is to all legal intent the expression of a purpose to authorize the sale of liquors by the public, and to prohibit it by private persons, to commit and to strictly confine the business to a public agency."

It is true the question under discussion in the case quoted from was the sufficiency of the title to the act, but what was said is equally applicable to the notice we are dealing with. In other words, a notice of a proposed law that a dispensary for the sale of spirituous, vinous, and malt liquors will be established and operated by a named municipality apprises the public that the business will be conducted by the governmental agency exclusively for its own account, through its officers and agents, upon funds furnished by it under proper regulations and restrictions. The manifest purpose of the notice, which section 106 of the Constitution requires to be given, is to fairly and reasonably advise the public of the proposed legislation, so as to give those persons opposed to it an opportunity to protest against and oppose its enactment. When this is done the mandate of the Constitution is satisfied, the evils sought to be remedied by it are corrected, and the legislative act, of which the public have been reasonably apprised of its passage, will not be stricken down merely because the notice did not contain the details of the bill, or its framework. But it

[State, *ex rel.* Hanna, *et al.* v. Tunstall.]

is said that the notice did not inform the public that the dispensary would be operated by the municipality of the city of Uniontown. For aught appearing, it is said, an act may have been passed in pursuance of the notice to authorize any other governmental agency in the county of Perry to operate the dispensary in the city of Uniontown, or the county of Perry, through its officers and agents, to operate it for and on account of the county. We think this construction of the notice too technical. Under it the dispensary was to be located in the city of Uniontown, and the reasonable inference to be drawn from it is that it was to be operated by that municipality, and none other.

Our conclusion, therefore, is that the act is constitutional. The judgment appealed from must be reversed and one will be here rendered dismissing the information.

Reversed and rendered.

DOWDELL, SIMPSON, and ANDERSON, JJ., concur. MCCLELLAN, C. J., and DENSON, J., dissent.