# City of North Birmingham *v.* State *ex rel.* Sparks, *et al.*

*Quo Warranto.*

(Decided Jan. 12, 1909. Rehearing denied Feb. 26, 1909. 52 South. 202.)

1. *Quo Warranto; Operation; Municipal Corporation.*—Section 5450, Code 1907, has no application to municipal corporations and does not authorize the writ of quo warranto for the purpose of testing the validity of the extension of the corporate limits of a municipality.

2. *Same; Exercise of Corporate Powers.*—Although quo warranto lies to test the right of the exercise of any particular franchise not embraced within any municipal charter, it does not lie against the legal officers of a municipal corporation to test the exercise of corporate powers beyond the territorial limits of the municipality; the remedy is by injunction. (Section 5354, Code 1907.)

[City of North Birmingham v. State ex rel Sparks, et al.]

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. O. LANE.

Quo warranto by the State, on the relation of G. W. Sparks and others, against the City of North Birmingham and its officers, to test the validity of the extension of the corporate limtis of the town made by an order and decree of the probate judge of Jefferson county. From a judgment for relator, defendants appeal. Reversed and rendered.

The petition alleges that on the 18th day of November, 1905, a petition was filed in the probate court of Jefferson county by at least 10 male inhabitants of the town of North Birmingham, but not of the character described as being included in the boundaries as enlarged, proposing an alteration or change in the boundary line of the town of North Birmingham; that the election was held, and on the return the majority was in favor of the incorporation, and on January 9, 1906, a petition purporting to be signed by more than 100 owners of real estate situated within the extension heretofore described was also filed in the office of the judge of probate. It is further alleged that the relator was resident and owner of real estate within the extension proposed, and that he was opposed to said alteration or change. It is alleged that there was not obtained, as required by the statute, the consent in writing signed by two-thirds of the owners of the real estate situated within the extension. It is further alleged that a great many who signed the petition above referred to were not owners of real estate, and that a great many of the names were obtained by fraud. It is further alleged that the defendants are seeking to make all the laws and ordinances governing said town of North Birmingham apply to the territory sought to be included, and that efforts are being made to enforce collection of

taxes and privilege fees for those doing business in the territory sought to be incorporated, and that notice has been issued that if taxes were not paid the property would be sold, etc. Then follows the prayer, seeking to declare the proposed extension inoperative and void, and to exclude the defendants from the offices and franchises they are usurping and attempting to hold in the territory sought to be included.

C. B. SMITH, for appellant. The motion to dismiss the petition should have been granted, as many of the grounds alleged were insufficient to support the judgment prayed for.—*State ex rel. Johnson v. Ensly,* 38 South. 808. The petition is otherwise insufficient.— Subd. 1, sec. 3420, Code 1896. Quo warranto will not lie.—23 Am. & E. Ency. of Law, p. 607. For the same reason and on the same authority, the demurrers to the petition should have been sustained. The statute of limitation applies.—*Attorney General v. Boyd,* 23 N. E. 342. Relator acquiesced and is estopped.—28 Cyc. 214- 5; 32 Ib. 1431; 23 A. & E. Ency. of Law, 607.

FRANK S. ANDRESS, for appellee. Quo warranto lies against a municipal corporation when it usurps the exercise of a franchise.—*City of Uniontown v. State ex rel. Glass,* 145 Ala. 473; 28 Pac. 807; 23 Ohio St. 445; 17 Ency. P. & P. 396; Spelling on Extraordinary Remedies, sec. 1801. It is an appropriate remedy in regard to the extension of territorial limits of a municipal corporation.—17 Ency. P. & P. 396; 23 A. & E. Ency. of Law, 601. Limitations and laches do not apply.—23 A. & E. Ency. of Law, 606. Acquiescence of the relator shows no defense, and does not estop the state.—23 A. & E. Ency. of Law, 607. The state has the right to make the inquiry at any time.—*Jackson v. The State,* 143 Ala.

148; *State v. Foster,* 130 Ala. 154; *Montgomery v. State ex rel.,* 107 Ala. 372.

ANDERSON, J.—Section 5450 of the Code of 1907, as to quo warranto, has no application to municipal corporations, and this proceeding must have been attempted under section 5453, which provides for the action in the cases there enumerated. Subdivisions 2 and 3 can have no bearing on the present case, and the relator must be proceeding under subdivision 1 of section 5453. This subdivision provides that the action may be brought in the following cases: "(1) When any person usurps, intrudes into, or unlawfully holds or exercises any public office, civil or military, or any franchise within this state, or any office in a corporation created by the authority of this state." The information and proof shows that the respondents are legal officers of North Birmingham, and it does not appear, by averment or proof, that they are excrcising any franchise or powers not authorized by the charter. It does not appear that the things they are doing or attemtping to do are not authorized by the charter of North Birmingham.

The only complaint against the respondents is that they are exceeding their jurisdiction by doing or threatening to do charter or franchise acts beyond the legal limits of North Birmingham. This would not be the unlawful holding or exercise of a public office, or the unlawful holding or exercise of a franchise. They are properly in office, and the franchise that they are using is not questioned, nor are the acts complained of unauthorized. They are merely charged with going beyond the limits of jurisdiction in the exercise of an office or franchise. Section 5453 was not intended to correct a mere abuse or excessive use of an office or franchise,

but to remove a usurper from an office, or to prevent the use of a franchise which did not exist. It may be that an abuse of power might forfeit the charter of a business corporation under section 5450; but, as we have observed, this section does not apply to municipal corporations. We are borne out in the correctness of this conclusion by section 5465, which fixes the character of judgment as to the unlawful use of a franchise and which requires an exclusion from the office or franchise. The manifest purpose of the present information is to test the validity of the annexation of certain territory to North Birmingham and to restrain the respondents from exercising acts over same—not to oust them from the exercise of a franchise. Indeed, the judgment rendered does not comply with the statute. It excludes the respondents from the franchise, but in effect merely restrains or enjoins them from doing certain things in this newly acquired territory. If the respondents are exceeding their jurisdiction or authority, this may be checked by an appropriate proceeding, but not by a quo warranto to test their title to an office or right to a franchise. Here the franchise exists, and the respondents are only charged with an excessive use of same, and are sought to be enjoined from using same in a certain way, and not that they be ousted from said franchise.

Quo warranto is the proper remedy to test the right to the exercise of particular franchises not embraced within those granted by the charter, and to oust the corporation from the exercise of such franchise.—*Uniontown v. Glass*, 145 Ala. 473, 39 South. 814; 17 Am. & Eng. Encyc. of Pl. & Pr. 396; Spelling on Extraordinary Relief, 1801. The act complained of in the *Glass Case, supra*, was the exercise of a franchise not given by the charter, and not the excessive use of a chartered right. On the other hand, it seems well settled, by the

great weight of authority, that where city authorities assume to exercise mere corporate powers beyond the territorial boundaries of the corporation, the remedy is not quo warranto, but injunction. Spelling on Ex. Relief, § 1802; High. Ex. Remedies, § 618; *Stultz v. State,* 65 Ind. 502; *People v. Whitcomb,* 55 Ill. 172; *Delphi v. Startzman,* 104 Ind. 344, 3 N. E. 937. The Indiana statute on quo warranto, considered in the *Stultz Case, supra,* was identical to subdivision 1 of section 5453 of the Code of Alabama of 1907.—*Leigh v. State ex rel.,* 69 Ala. 261.

The circuit judge erred in giving the relator relief, and the judgment must be reversed, and one is here rendered dismissing the information.

Reversed and rendered.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.