(106 So. 229)

**STATE ex rel. MARTIN v. CITY OF GADSDEN. (7 Div. 559.)**

(Supreme Court of Alabama. June 25, 1925. Rehearing Denied Dec. 10, 1925.)

Quo warranto ⊂⟩8 — Quo warranto may be maintained to test validity of acquisition of territory by city.

Under Code 1923, § 9932, quo warranto may be maintained to test the validity of acquisition of territory by city.

Anderson, C. J., and Miller, J., dissenting.

Appeal from Circuit Court, Etowah County; Woodson J. Martin, Judge.

Quo warranto proceeding by the State, on the relation of Jackson L. Martin, against the City of Gadsden. From a judgment sustaining demurrer to the information, relator appeals. Reversed and remanded.

The information was originally filed by Jackson L. and B. M. Martin as relators against the city of Gadsden and the mayor and board of aldermen thereof. It alleged, in substance, that the city of Gadsden by ordinance has annexed territory included in the corporate boundaries of Alabama City as fixed by the act of 1890–91 (page 816), and embracing lands owned by relators; that by virtue of such extension of its limits the city of Gadsden has designated the territory involved as a part of one of its wards, exercising authority thereover, and in every respect claims said territory as a part of the municipality of Gadsden, by reason of

which it usurps, intrudes into, and unlawfully holds and exercises a franchise over, said territory. It is prayed that the defendants be required to show by what right, warrant, etc., they exercise governmental authority or franchise over the territory; and that on final hearing such exercise be adjudged unlawful, and defendants be excluded, etc.

By amendment B. M. Martin was stricken as a party plaintiff, and the mayor and board of aldermen were stricken as defendants. The information was further amended by the addition of count B, averring merely usurpation, etc., by the defendant, and praying that same be adjudged unlawful and defendant excluded from the franchise.

Weatherly, Birch, McEwen & Hickman, of Birmingham, and J. S. Franklin, of Gadsden, for appellant.

Quo warranto is the appropriate remedy to raise the question of proper exercise of municipal franchise. West End v. State, 138 Ala. 295, 36 So. 423; High on Ex. Rem. § 684; City of Uniontown v. State ex rel. Glass, 145 Ala. 471, 39 So. 814, 8 Ann. Cas. 320; State ex rel. Sigsbee v. Birmingham, 160 Ala. 196, 48 So. 843; Weatherly v. Birmingham W. W. Co., 185 Ala. 388, 64 So. 23, Ann. Cas. 1916B, 166.

Joe Duke, Dortch, Allen & Dortch, and Hood & Murphree, all of Gadsden, for appellee.

Injunction, and not quo warranto, is the proper remedy to test the legality of a proceeding annexing territory. North Birmingham v. State ex rel. Sparks, 166 Ala. 122, 52 So. 202, 139 Am. St. Rep. 17, 21 Ann. Cas. 1123; State v. Portland Ec. Co., 153 Ind. 483, 53 N. E. 1089, 53 L. R. A. 413, 74 Am. St. Rep. 314; Talladega v. Jackson-Tinney L. Co., 209 Ala. 106, 95 So. 455.

ANDERSON, C. J. The gravamen of the information is that the city of Gadsden is exercising, or attempting to exercise, its power and jurisdiction in and over territory not legally within its corporate limits. It does not charge that the powers so exercised are unauthorized by its charter or that it is usurping or exceeding any of its charter privileges except as to doing so in unauthorized territory. In other words, the sole object of the proceeding is to test the validity of the annexation of certain territory. The quo warranto is evidently sought under section 9932 of the Code of 1923 (section 5453 of the Code of 1907), as section 9929, Code 1923 (section 5450 of the Code of 1907), excludes its applicability to municipal corporations. It has been expressly held by this court in the case of City of North Birmingham v. State ex rel. Sparks, 166 Ala. 122, 52 So. 202,

139 Am. St. Rep. 17, 21 Ann. Cas. 1123, that injunction, and not quo warranto, was the proper remedy to prevent such action on the part of the municipality. Not only did we so hold in said case, but in the recent case of City of Talladega v. Jackson Lumber Co., 209 Ala. 106, 95 So. 455, this identical question was tested by a bill for an injunction and not by quo warranto. The Sparks Case, supra, was supported by the cases there cited, and the rule there declared seems to be recognized by the text-writers as correct, and we adhere to the soundness of said case, and think that the trial court properly sustained the respondent's demurrer to the information both before and after amendment.

There is a conflict between the Sparks Case, 166 Ala. 122, 52 So. 202, 139 Am. St. Rep. 17, 21 Ann. Cas. 1123, and the case of State ex rel. Sigsbee v. City of Birmingham, 160 Ala. 196, 48 So. 843, which said last case seems to have been overlooked by the court and counsel in considering the Sparks Case as it was not cited in brief or in the opinion of the court. The question was not seriously raised or contested in the Sigsbee Case, as the insistence was that quo warranto would not lie, as it appeared that the exercise of the franchise was only threatened. The court answered by saying that the amended petition showed that the territory had already been annexed, and that quo warranto would lie, citing the Glass Case, 145 Ala. 471, 39 So. 814, 8 Ann. Cas. 320. The question was not there so raised and discussed as it was in the Sparks Case, and we think the Sigsbee Case should be overruled in so far as it conflicts with the Sparks Case.

The case of Uniontown v. Glass, 145 Ala. 471, 39 So. 814, 8 Ann. Cas. 320, is sound, and, as pointed out in the Sparks Case, did not involve the question there involved, and was not in conflict with said Sparks Case, and, as it involved a different question, it does not of course, support the Sigsbee Case.

The case of State ex rel. Weatherly v. Birmingham Waterworks, 185 Ala. 388, 64 So. 23, Ann. Cas. 1916B, 166, is not in conflict with the Sparks Case. True, Justice Somerville, the writer of the opinion, expressed himself as favorable to the Sigsbee Case and against the soundness of the Sparks Case, but the court held that there was no such conflict between the case under consideration and the Sparks Case as to warrant it in determining whether it or the Sigsbee Case should be overruled. In other words, the court realized that it was not necessary to overrule either of said cases in order to decide the Birmingham Waterworks Case, and to do so would therefore be dicta. There is an expression in the opinion in the Waterworks Case, 185 Ala. on page 410 (64 So. 23), that, in so far as the decision in the Sparks Case is based upon a construction

of section 5453 of the Code at variance with the conclusion herein announced, it is expressly overruled. The court did not point out or decide that there was a variance, and the two cases are so unlike that whatever may have been said in either case at variance with the other could not have been decisive of the case. The Sparks Case was a proceeding to oust a municipality from exercising its chartered powers beyond its territorial jurisdiction under section 5453 of the Code of 1907, while in the Waterworks Case it was to correct an abuse or violation of the charter powers of a business corporation; the information before reaching this court having been amended so as to proceed under section 5450 of the Code of 1907 and not under section 5453. But, if it be conceded that in the Waterworks Case the information was under both sections 5450 and 5453, the cases are so dissimilar and the relief sought was so different there could have been little or no conflict in the result of the two cases.

The writer of the present opinion, speaking now only for himself, dissented in the Waterworks Case, not because he deemed the result in conflict with the Sparks Case, but because he thought there was a misconception of the quo warranto statute whether it was dealing with section 5450 or section 5453, as it was treated in the opinion as a corrective or regulatory proceeding instead of one of forfeiture or ouster. Section 5450 provides that the action may be brought for the purpose of "vacating the charter, or annulling the existence of any corporation," not for the purpose of merely correcting its course of conduct, while a close reading of section 5453 indicates that it contemplates only an ouster or forfeiture and not a correction or control, and, if this question was doubtful, the doubt is removed by section 5465, Code 1907 (section 9944, Code 1923), which prescribes the judgment. Whether the information be under sections 5450 or 5453, it says when the defendant "is adjudged guilty of usurping or intruding into, or unlawfully holding or exercising any office or franchise, or unlawfully practicing any profession, judgment must be rendered that such defendant be excluded from the office or franchise, or be prohibited from practicing such profession."

The foregoing opinion expresses the views of the writer, concurred in by MILLER, J., as the majority of the court composed of SAYRE, SOMERVILLE, GARDNER, THOMAS, and BOULDIN, JJ., adhere to the Sigsbee Case, supra, and think that the Sparks Case should be overruled. The trial court erred in sustaining the demurrer to the relator's information, and the judgment is reversed and the cause is remanded.

Reversed and remanded.

SAYRE, SOMERVILLE, GARDNER, THOMAS, and BOULDIN, JJ., concur.

ANDERSON, C. J., and MILLER, J., dissent.