**STATE ex rel. ELLIS v. GRIGGS.**

**I Div. 801.**

Supreme Court of Alabama.

Dec. 21, 1933.

Rehearing Denied Jan. 18, 1934.

Pillans, Cowley & Gresham, of Mobile, for appellee.

Wm. M. Bekurs, of Mobile, for appellant.

BROWN, Justice.

This is a proceeding in the nature of quo warranto, instituted by the appellant, as authorized by the statute, section 9932, Code 1923, to restrain the appellee, who is the superintendent of education of Mobile county, from exercising the office of a member of the board of school commissioners for Mobile county, created by the act approved August 22, 1919, Loc. Acts 1919, pp. 73–75.

The appellee admits that he is performing the functions and exercising the powers of said office, and seeks to justify under the provisions of the local act of the General Assembly of Alabama, entitled "An Act To regulate the public schools in the county of Mobile," approved February 15, 1876 (Acts 1875–76, p. 363), and the local act approved Septem-

ber 14, 1923, purporting to amend the act of 1876. Loc. Acts 1923, pp. 182, 183.

The contention of the appellee is, that by virtue of his office as superintendent of education of Mobile county, he is a member of said board, invested with all the rights and authority conferred on the elective members of said board, and has the right to participate and vote in all of the deliberations of said board.

The contention of the appellant, on the other hand, is, first, that while section 7 of the act of 1876 provides "that the county superintendent of education shall be ex-officio a member and treasurer of the board of school commissioners," the act is specific in defining his powers and duties, and the right to participate in the deliberations of the board and vote is not conferred expressly or by necessary implication as incident to the powers so expressly granted.

Second, that the board of school commissioners created by the act of 1876 was abolished by the act approved August 22, 1919, and a new board created in lieu thereof; that the provision of section 7 of the act of 1876, quoted above, was repealed by the act creating the new board.

And, third, that the act approved September 14, 1923, was not constitutionally enacted and is void.

The act of 1923, like the act of 1876, specifies the duties of the superintendent of education as the ex officio member of the board, and the question of prime importance, therefore, is: Do these statutes confer upon the superintendent as ex officio member, all the rights, powers, and functions of the elective members, along with the functions and powers specifically enumerated? This question must be determined by the essence of the local act of 1876—the legislative intent. Thomason v. Court of County Commissioners et al., 184 Ala. 28, 63 So. 87; Davis & Co. v. Thomas, 154 Ala. 279, 45 So. 897; Board of Revenue v. McDanal, 213 Ala. 349, 105 So. 191.

And the court in construing a statute must look to the context, the spirit, and the whole, to reach the true intent of the Legislature. City of Birmingham v. Southern Express Co., 164 Ala. 529, 51 So. 159.

With these principles in view, we proceed to an examination of said act entitled "An Act To regulate the public schools in the county of Mobile." Acts Ala. 1875–76, p. 363.

The first section of the act recognizes an existing system, the existence of the office of "Superintendent of Public Schools" and "the School Commissioners" in office, and continued their existence until the first Wednesday of September, 1876, after which time they ceased to exist.

Section 2 provided for the election of six commissioners of public schools, at the general election held in August, 1876, "two of whom shall reside at least six miles from the court house * * * whose term of office shall commence on the first Wednesday of September next, after said election."

Section 3 provided that the commissioners so elected should meet at a place named and on a day specified and elect by ballot, "three members of the (then) present board, who, with the members previously elected, shall constitute the board of school commissioners of the county of Mobile." This section further provided: "The members elected from the existing, or old board, shall be classed number one; the other six shall be formed into two tickets, having one country member on each, and the said tickets shall be drawn for, and the first drawn shall be classed number two, and the other shall be classed number three"; and provided for the election of the successors of the members so in office, by electing three members every two years, the election of class number one, the first two years, etc. (Italics supplied.)

Section 4 provided for the election of a president and vice president of the board; prescribed the term of their offices, and that "they shall also elect a county superintendent of education, who shall hold his office for the period of four years, and they may elect or appoint such other officers and agents as they may from time to time deem expedient." That "the members of said board and the county superintendent shall severally make oath before the judge of probate of Mobile county, that they will faithfully and properly demean themselves in their respective offices to the best of their ability." (Italics supplied.)

Section 5 provides: "* * * That the said board of school commissioners shall be entitled to receive, levy, assess and collect, all devises, revenues and taxes to which they were by law entitled at the date of the organization of the Board of Education of the State of Alabama, and that they shall have full power to continue in force, revise, modify, and improve, as to them may seem fit, the public school system now existing in the county of Mobile, and to make such by-laws, rules and regulations not inconsistent with the laws of this State, and of the United States, for the government of the board and of said schools as they may deem expedient or necessary. They shall hold regular meetings of said board at such times as they may fix upon, and adjourned or special meetings when necessary. Five members of the board shall constitute a quorum for the transaction of business, but no business involving a change in the system, rules or regulations, or affecting the general interest of the county, shall be transacted except at the regular meeting, after due notice given, or when a full board is in attendance. The said board shall

be a body corporate, may have a common seal, may sue and be sued, shall have power to purchase or lease such property for school purposes as in their judgment may be necessary for the proper accommodation and comfort of pupils and teachers, and may fix the compensation and bonds of its officers, agents and employees, and change the same at pleasure; Provided, That the sum or sums so expended shall not exceed, in any one year, twenty per centum of the income of said board, exclusive of the amounts derived from the State educational fund. The said board shall also have power to sell or exchange any of said property—the Barton Academy buildings only excepted—Provided, That when the value of such property shall not exceed five thousand dollars, two-thirds of the members of said board shall vote in favor of the sale, and when the value exceeds five thousand, the sale, to be valid, shall receive the unanimous vote of said board and be approved by the judge of probate of Mobile county." (Italics supplied.)

And section 6 provides "that said board of school commissioners shall have power to fill any and all vacancies that may occur therein or in the office of superintendent," and fixes the tenure of the persons so delegated to fill such vacancies. (Italics supplied.)

And section 7 provides: "That the county superintendent of education shall be ex officio a member and treasurer of the board of school commissioners, and it shall be his duty to be present at every regular meeting of said board, and make full and detailed reports of the condition of the schools and of all matters coming under his supervision as often as the board may require. He shall have, under the direction of said board, general supervision of all the public schools in the county of Mobile, shall collect, receive and disburse the revenues of the board under such rules and regulations therefor as the said board may from time to time prescribe, and shall make detailed exhibits of all receipts and expenditures, accompanied by proper vouchers, at such times as the board may require, and in general shall perform all duties and carry into effect all orders and resolutions which the said board may establish and direct. He shall receive such compensation for his services as the board may ordain, and may at any time be removed from office for dereliction in duty, after due examination had; Provided, That not less than two-thirds of the members comprising the board shall vote in favor of such removal. He shall give good and sufficient bond, to be approved by the president of the board and the judge of probate of said county, in such sum as the board may determine; Provided, That the penalty of said bond shall not be required to exceed double the amount of money which the said superintendent can receive and have in possession at any one time." (Italics supplied.)

Some of the powers conferred on the corporate board of nine members are quasi judicial, others are legislative, and others ministerial; while the specific powers conferred on the ex officio member by section 7 are purely ministerial. He is a creature of the board and serves at its pleasure.

It seems to be well settled that, in addition to powers expressly conferred upon a public officer, he has by implication such powers as are necessary for the due and efficient exercise of those expressly granted, but no powers will be implied other than those which are necessary for the effective exercise and discharge of the powers and duties expressly conferred. 46 C. J. page 1032, § 287.

Our conclusion and judgment is that the legislative intent was to confer on the corporate board of nine commissioners general powers enumerated, and such incidental powers as were necessary to carry into effect the powers granted, and, while the superintendent of education is ex officio a member of the board, his powers are specifically enumerated, and applying the maxim of the law, expressio unius est exclusio alterius, we hold that as such ex officio member he is but the executive arm of the corporate board, and is without authority to participate in its deliberations and vote on questions coming within the jurisdiction of the board in the exercise of the general powers conferred by the law of its creation.

If it be conceded that the Act of September 14, 1923, was constitutionally enacted, the same principles of construction would apply, and the effect and purpose of that act was to curtail, not to enlarge the powers of the superintendent of education.

The local act approved August 22, 1919, is original in form, and its effect was to abolish the corporate board of nine commissioners created by the act of 1876, and establish in lieu thereof a like board of five commissioners, and by reference preserve the local educational system otherwise recognized as existing by the act of 1876. Savage v. Wallace, 165 Ala. 572, 51 So. 605; Phœnix Assurance Company of London v. Fire Department of the City of Montgomery, 117 Ala. 631, 23 So. 843, 42 L. R. A. 468; Cleveland v. State, 16 Ala. App. 336, 77 So. 930.

Therefore, the insistence of the appellant that appellee was not legally elected to the office of superintendent of education when four of the commissioners present voted for his election, is without merit.

The result: The appellee is ex officio a member of the board of school commissioners of Mobile county, with limited power and authority, and, as such, is exercising the functions and powers of an elective member. This is unlawfully exercising the functions of a public office, and within the influence of the statute. Code 1923, § 9932; City of Union-

684

town v. State ex rel. Glass, 145 Ala. 471, 39 So. 814, 8 Ann. Cas. 320; State ex rel. Sigsbee v. City of Birmingham, 160 Ala. 196, 48 So. 843; State ex rel. Martin v. Gadsden, 214 Ala. 66, 106 So. 229.

The judgment of the circuit court is, therefore, reversed, and one here rendered ousting the appellee, W. C. Griggs, from exercising the functions of the office of a rightly elected member of the board of school commissioners, and restraining him from exercising any other powers than those conferred upon him by the statute as superintendent of education and ex officio member of said board.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.