324 So.2d 772

**CITY OF DOTHAN, Alabama**

v.

**DALE COUNTY COMMISSION, the govern-
ing body of Dale County, Alabama, et al.**

SC 1391.

Supreme Court of Alabama.

Dec. 18, 1975.

Robert A. Huffaker, Montgomery, Wade
H. Baxley, Dothan, for appellant.

Joseph W. Adams, Ozark, Walter J. Knabe and William K. Martin, Montgomery, for appellees.

BLOODWORTH, Justice.

The City of Dothan appeals from a final order of the Probate Court of Dale County, dismissing Dothan's request to call an annexation election [pursuant to the provisions of Tit. 37, § 138 et seq., Code of Alabama 1940 (Recomp.1958)] to annex lands in Dale County, including the Dothan Municipal Airport. We reverse and remand.

The circumstances under which the instant controversy arose had their origin in a meeting of the Board of City Commissioners of Dothan on September 20, 1974. At that meeting, two resolutions were passed which are significant for purposes of the instant appeal. Resolution No. 4852 calls for the expansion of Dothan's corporate limits through the annexation of a land corridor contiguous to established Dothan corporate limits. At that time, Dothan's city limits lay wholly within the boundaries of Houston County. The land annexed under Resolution No. 4852 lies primarily in Houston County but also includes a small area in Dale County. The second resolution, Resolution No. 4854, calls for the annexation of land lying in Dale County, the bulk of which is composed of land owned by the Dothan-Houston County Airport Authority, a public corporation. No challenge was voiced to these proposed annexations until action was taken on the second resolution.

The annexation of Houston County territory, proposed under the first resolution, was pursued under the provisions of Tit. 37, § 137(1), Code of Alabama 1940 (Cum.Supp.1973), and became effective upon publication on September 23, 1974, as provided under § 137(1). On September 25, 1974, the second resolution, No. 4854, also pursued under § 137(1), was filed with the Judge of Probate of Dale County. (Under § 137(1) land contiguous to a city's corporate limits, if it does not lie "within the corporate limits or police jurisdiction" of another city, may be annexed "[w]henever all of the owners of property" to be annexed file a signed petition requesting annexation and "the governing body [of the annexing city] adopts an ordinance assenting to the annexation . . . .") On October 4, 1974, various parties (hereinafter referred to as "opponents") challenged the validity of Dothan's request for an annexation: the Dale County Commission; the Town of Napier Field and its Town Council; the Town of

Grimes and its Town Council; and certain residents who are electors and property owners of both towns, both counties, and the City of Dothan. Resident property owners of Dothan were later joined as petitioners. Opponents filed a Petition to Dismiss Request for Calling of Annexation Election.

On October 10, 1974, in response to an objection that part of the proposed annexation lies within the police jurisdiction of the town of Grimes and Napier Field, Dothan filed its Resolution No. 4870, superseding the resolution filed earlier, i. e., Resolution No. 4854. The effect of this action was to abandon the attempt at annexation under § 137(1), ·as proposed by the earlier resolution, No. 4854, and to substitute the annexation Resolution No. 4870, under the provisions of Tit. 37, § 138 et seq. [Tit. 37, § 138 et seq., do not expressly forbid a city's annexation of property lying within the police jurisdiction of some other city.]

In response to the challenges asserted by opponents, Dothan filed a "Motion to Strike Petition to Dismiss Request For Calling of Annexation Election Or, In the Alternative, Motion to Discontinue Hearing." In its motion to strike, Dothan contended, first, that the Judge of Probate's duties under § 138 et seq. are purely ministerial and do not give him power to conduct a hearing to consider the objections raised by opponents' Petition to Dismiss and, second, that none of the opponents have standing to challenge Dothan's request for the calling of an annexation election.

At the hearing, the Probate Court denied Dothan's motion to strike and entered an order dismissing Dothan's request for an annexation election. The Probate Court based its order on its findings that: (1) it had "the power, authority and jurisdiction to consider Opponents' challenge to the validity of Dothan's . . . request for . . . an annexation election"; (2)

Dothan's annexation of the Houston County corridor was a sham and subterfuge which does not satisfy the contiguity requirement of Tit. 37, § 152 and, furthermore, that the approximately 350-foot common boundary between the Houston County annexation and the Dale County annexation does not satisfy the contiguity requirement because the legislature intended "a substantial common boundary"; (3) the proceedings whereby Dothan purportedly annexed the Houston County corridor are void, and, being invalidly annexed, the corridor cannot be relied upon to satisfy the contiguity requirement for annexation of the Dale County land; (4) the legislative intent underlying Tit. 37, § 152, prohibits annexation by one city of land lying within the police jurisdiction of any other city; and (5) the annexation proposed by Dothan is in violation of the legislative intent that municipal annexations not destroy the municipality's conformity to "legal" and "popular" notions of what constitutes a municipality. [The court refers to the following factors as determinative of whether an annexation violates the legislative intent: configuration of the annexation, substantiality of the common boundary, number of voters residing on the land proposed to be annexed, existence of streets or roads running through the proposed annexation connecting it to the city. The court pointed out that only two persons would be qualified to vote as residents of the land proposed to be annexed and that there are no roads or streets connecting Dothan and the proposed annexation.]

Dothan appeals on the grounds that the court exceeded its authority: A. by requiring a "substantial common boundary" in the absence of any such express requirement by the legislature; B. by ruling that a municipality cannot annex territory within the police jurisdiction of any other municipality in a similar absence of express legislative directive; C. by determining the Houston County annexation was void thus permitting an impermissible collateral attack; and, finally, D. by holding that the

proposed annexation violated legislative intent.

We agree with the City of Dothan that the Probate Court of Dale County erred to a reversal on each of these grounds. Since a resolution of these issues is determinative of this appeal, we see no need to consider any other contentions raised by Dothan. We now proceed to a discussion of the aforementioned issues.

■ A. The requirement of Tit. 37, § 152, is simply that the territory proposed to be annexed be "*contiguous* to the boundary of the city *at some* point." [Our emphasis.] The map and legal description accompanying Dothan's resolution shows that there is approximately a 350-foot common boundary between the territory proposed to be annexed and the city boundary. This, we hold, is ample satisfaction of the requirement of "contiguity" under § 152, supra.

There is no requirement of "substantial common boundary" as the Probate Court seems to consider necessary. In the terms of this statute, "contiguity" means a "touching" at some point. *State ex rel. Milan v. Masters,* 207 Ala. 324, 93 So. 14 (1922).

■ B. By the express terms of § 152, Code, the property proposed to be annexed "may extend to or around the boundary line of any other city, but is not to embrace any territory *within the corporate limits of another city.*" [Our emphasis.] It is self-evident that there is a clear distinction between "corporate limits" and "police jurisdiction." See Tit. 37, § 9, Code of Alabama 1940 for a definition of the latter term.

It would seem that had the legislature determined to exclude territory within the police jurisdiction of one city from being annexed by another, it would have been a simple matter to have so provided. Such

was the legislative purpose as expressed in Tit. 37, § 137(1) [another annexation statute] wherein it is expressly provided that property to be annexed within that provision "not lie within the corporate limits or police jurisdiction of any other municipality." See our recent decision, *State ex rel. City of Birmingham v. Tarrant City,* 294 Ala. 304, 315 So.2d 583 (1975), construing this section. There, this Court suggested that the section does not permit annexation under this statute in cases of overlapping police jurisdictions. In these cases, the Court added, "annexations must follow conventional procedures."

■ C. In determining that the Houston County annexation was void, the Probate Court of Dale County erred as this constituted an impermissible collateral attack thereon.

Although admitting their attack is collateral rather than direct, opponents argue that the annexation proceedings in Houston County were "void" not merely "voidable," and therefore subject to attack in a collateral proceeding. We think the proceedings were not "void." *Alexander v. Nelson,* 42 Ala. 462 (1868). "[T]he law does not favor collateral attack on a municipal corporation in the exercise of [its] police powers . . . ." *Chadwick v. Town of Hammondville,* 270 Ala. 618, 622 120 So.2d 899, 902 (1960). Being at most "voidable" merely, opponents' remedy would seem to be, as Dothan suggests, a direct attack in a court of general jurisdiction.

■ D. The Probate Court also held that the annexation was void because its irregular shape and its lack of homogeneity with the rest of the city constitutes a violation of the legislative intent.

We know of no statutory mandate that the municipal boundaries of all territories sought to be annexed must form a regular shape. Tit. 37, § 135(10) does require that such annexed territory "form a homogeneous part of the city or town." But, this is not to imply that homogeneity demands regularity of shape of the boundaries of the municipality. "Homogeneous" is defined as "of a similar kind or nature . . . of uniform structure or composition . . . consisting of uniform elements (as of people or groups with similar background) . . . ." *Webster's Third New International Dictionary,* 1966.

Had the legislature been so disposed as to require all municipalities to possess boundaries of uniform and regular width and length it might have said so.

Other jurisdictions have permitted corridors and irregularly shaped boundaries such as those in the instant case. See *Tovey v. City of Charleston,* 237 S.C. 475, 117 S.E.2d 872 (1961); *People v. City of Palm Springs,* 51 Cal.2d 38, 331 P.2d 4 (1958); *City of Burlingame v. San Mateo County,* 90 Cal.App.2d 705, 203 P.2d 807 (1949).

Clearly, the proposed annexation is no sham or subterfuge because the City of Dothan has a valid municipal interest in its own municipal airport.

Therefore, we have concluded that there is no violation of the legislative intent in the proposed annexation.

Having then concluded that the Probate Court of Dale County erred in holding that Dothan's request for the calling of an annexation election is invalid and erred in dismissing the request, we reverse and remand for the entry of a judgment in conformity with this opinion.

Reversed and remanded with instructions.

HEFLIN, C. J., and FAULKNER, ALMON and EMBRY, JJ., concur.