THE PEOPLE *ex rel.* JOHN KIRBY, Petitioner-Appellant, *v.* THE CITY OF EFFINGHAM, Respondent-Appellee.

Fifth District   No. 76-121

Opinion filed November 8, 1976.

W. R. Todd and William Robin Todd, both of Flora, for appellant.

Thomas F. Taylor, of Taylor and Taylor, of Effingham, for appellee.

Mr. JUSTICE EBERSPACHER delivered the opinion of the court:

This action arises by virtue of an annexation ordinance enacted by the City of Effingham on September 16, 1975, annexing a tract of land. The relator appeals from an order entered in the circuit court of Effingham County denying him leave to file a complaint in *quo warranto* which sought to challenge the authority of the City of Effingham to annex certain property allegedly in violation of section 7—1—8 of the Illinois Municipal Code (Ill. Rev. Stat., ch. 24, par. 7—1—8) by not being in contiguity with the existing city limits. The Attorney General and the State's Attorney on request of relator had failed to act.

The sole question presented for review is whether relator has shown a sufficient interest in himself to maintain the action. A *quo warranto* proceeding may be brought "by any citizen having an interest in the question. * * * " Ill. Rev. Stat., ch. 112, par. 10.

Relator contends that his petition sets forth allegations sufficient to show the necessary private interest. Relator alleges:

1. That he is a property owner of real estate in the City of Effingham;

2. That the annexation will affect his property interest by virtue of his status as a taxpayer and property owner;

3. That fire and police protection services will be provided to the annexed territory by virtue of which his own property will be more heavily taxed;

4. That the annexed territory will be used as a school and as such not be taxed leaving the entire tax burden of providing municipal services to this territory on the relator and others similarly situated thereby making a potential tax increase more than a mere possibility.

The city responds that the petition does not show sufficient private interest in that it sets forth only the merest speculation that the annexation will cause an increased tax burden to be placed on the relator. The city relies on the case of *People ex rel. Gordon v. City of Naperville* (1975), 30 Ill. App. 3d 521, 332 N.E.2d 204, wherein the relator was held not to have shown a sufficient interest. The court stated at page 525:

> "They merely speculate that in the future the donation by the subdivider will be declared illegal and withdrawn and that then the city may decide to buy the donated property and pay for it out of public funds. They do not allege that the city is threatening to incur liabilities or is becoming liable for the expenditure of any public funds which could result in an increase in taxes. The petition for leave to file *quo warranto* is not a 'full, positive and convincing' demonstration of the interest of the relator (*People ex rel. Vanderhyden v. Vil. of Elwood,* 5 Ill. App. 3d 590, 284 N.E.2d

668), nor does it show that there is a high probability or certainty that the challenged action will result in an increase in relator's taxes. (*People ex rel. Hamer v. Board of Education,* 132 Ill. App. 2d 46, at 49, 267 N.E.2d 1, supra.)"

■■ The *City of Naperville* case sets forth in careful detail the prior Illinois case law regarding the sufficiency of interest of a taxpayer necessary to give standing to an action in *quo warranto*. The court stated at page 523:

"It is clear that *quo warranto* is the only proper remedy to attack proceedings by which territory has been annexed to a municipality. (*People ex rel. McCarthy v. Firek* (1955), 5 Ill. 2d 317, 324, 125 N.E.2d 637; *Homeowners Ass'n v. Countryside* (1969), 42 Ill. 2d 241, 245, 246 N.E.2d 294.) Section 2 of the Quo Warranto Act provides, as material here, that the proceedings may be brought 'by any citizen having an interest in the question on his own relation * * *' (Ill. Rev. Stat. 1971, Ch. 112, par. 10). The fact that a relator's interest is that of a taxpayer does not necessarily exclude a finding that he has a sufficient interest to proceed in *quo warranto* if he can allege facts from which it may be concluded that the challenged action has a direct, substantial and adverse tax effect upon him. (*People ex rel. McCarthy v. Firek, supra,* 5 Ill. 2d at 324-325, 125 N.E.2d 637; *People ex rel. Vanderhyden v. Vil. of Elwood* (1972), 5 Ill. App. 3d 590, 593, 284 N.E.2d 668; *People ex rel. Henderson v. City of Bloomington* (1962), 38 Ill. App. 2d 9, 11, 186 N.E.2d 159.) The taxpayer may have a sufficient interest to sustain *quo warranto* if he shows a high probability or certainty that the challenged action will result in an increase in his taxes. *People ex rel. Hamer v. Board of Education* (1971), 132 Ill. App. 2d 46, 49, 267 N.E.2d 1."

The case at bar is distinguishable from the *Naperville* case in that here the relator alleges more than a speculative contention that his taxes will be increased because he alleges that the property annexed is owned by a school district, with the intended use as a school. Such property will be tax exempt and will not provide any income to the city government. It is not unreasonable to expect that this property will place an increased burden on the utility, police and fire protection services provided by the city government which services will have to be supported by the taxable property within the city limits. Under these circumstances, the relator has shown that there is a high probability that the annexation will result in an increase in his taxes.

■■ While the city argues that relator's taxes cannot be increased by the annexation because the City of Effingham was already levying an amount greater than could be realized when the maximum tax rate is

utilized, the record does not support such argument since the amount levied is not included in the record. In fact a witness when asked whether he was aware that the city was extending the maximum rates for fire and police protection answered "No" and no proof of the amount levied for any city purpose nor the applicable maximum rate was ever offered. The argument is not only improper but it is illogical since neither the amount levied nor the maximum rate has any permanent basis, and each are subject to frequent change. Even assuming that relator's tax burden cannot be increased by the city's additional obligation for its various services with reference to the annexed property and proposed new facility, such obligations would result in a diminution of those services to the remainder of the city and thus directly effect relator.

Therefore, the order of the trial court denying relator's petition for leave to file complaint in *quo warranto* is reversed; the petition for leave to file is granted, and the cause is remanded for further proceedings consistent with this opinion.

KARNS, P. J., and JONES, J., concur.