486 So.2d 393 (1985)
CITY OF TUSKEGEE, et al.
v.
Andrew J. LACEY, et al.
84-415.
Supreme Court of Alabama.
December 20, 1985.
Rehearing Denied and Special Concurrence Modified March 31, 1986.
Fred D. Gray and Walter E. McGowan of Gray, Langford, Sapp, Davis & McGowan, Tuskegee, for appellants.
Ira De Ment and Joan Van Almen of De Ment & Wise, Montgomery, for appellees.
PER CURIAM.
The summary judgment from which this appeal is taken recites the following facts:
This is the Macon County dog track annexation case.
The City of Tuskegee undertook to annex into its city limits the Macon County dog track property by landowners' consent and ordinance, as authorized in Alabama Code section 11-42-21. Prior to this annexation, the dog track property was about fourteen miles from the nearest property within Tuskegee's city limits. Alabama law requires that the annexed land must be contiguous to land which is already within the city limits.
To connect the dog track property and land within the existing city limits of Tuskegee, and thereby make the dog track property contiguous to land within its city limits, the City of Tuskegee annexed a corridor about fourteen miles long which consists solely and exclusively of the rights-of-way of public roads. Beginning at the city limits of Tuskegee, this corridor consists of about ten miles of U.S. Highway 80, then proceeds for about two miles along a county road, and finally proceeds along Interstate 85 for about two miles to the dog track property. Consent of the landowners whose properties about the rights-of-way in question was not obtained. In fact, this suit was filed by one or more persons whose lands abut the annexed rights-of-way. The owner of the dog track property *394 consented to the annexation of the dog track property, and in its petition for annexation to the City of Tuskegee, represented that it owned the fourteen miles of public road rights-of-way in question and consented to the annexation of these public road rights-of-way.
The foregoing facts, at least for the purpose of Plaintiff's Motion for Summary Judgment, are not in dispute.
Because the issue of "standing" raised by defendant/appellee City of Tuskegee is not expressly dealt with in the trial court's judgment, we now address this threshold issue.
The primary ground on which the City challenges the standing of the property owners' right to seek relief is a city ordinance exempting these plaintiff property owners from the payment of taxes or the exercise of other regulations or controls. Implicitly, the trial judge rejected the City's "standing" contention and explicitly observed that "this suit was filed by one or more persons whose lands abut the annexed rights-of-way."
We believe that this initial issue can be summarily disposed of by simply noting that all of the plaintiffs are property owners within the City's police jurisdiction, as that jurisdiction is determined by the newly-annexed public rights-of-way, and that certain of the plaintiffs own property abutting the public rights-of-way involved. This proximity to the "annexed" corridor, which authorizes the City to exercise certain power and control over the property and its owners, supplies sufficient interest in these plaintiffs, affected by their inclusion, to give them standing to prosecute this action.
Moreover, one of the alternative remedies sought is quo warranto relief pursuant to Code 1975, § 6-6-591 (see, also, Annot., 18 A.L.R.2d 1255, § 7 (1951); State ex rel. Martin v. City of Gadsden, 214 Ala. 66, 106 So. 229 (1925)), and the mere threat of taxation affords sufficient interest in a relator to maintain suit. See, generally, Annot., 13 A.L.R.2d 1279 at § 7 (1959). We hold, therefore, that the trial court did not err in denying the City's motion to dismiss for lack of standing. See, also, People ex rel. Kirby v. City of Effingham, 43 Ill.App.3d 360, 2 Ill.Dec. 28, 356 N.E.2d 1315 (1976).
Addressing the merits of the case, the trial court decreed as follows:
This Court is aware of the Alabama law which provides that two parcels of land on opposite sides of a public road right-of-way are deemed to be contiguous for the purpose of annexation (this we will refer to as the "public right-of-way doctrine"). This Court is also aware of the Alabama law which provides that a parcel of land many miles away from a city's corporate limits may nevertheless be deemed contiguous to land within the city if there is a narrow corridor or strip of land which connects land within the city and the distant parcel, where the corridor consists of private property (as opposed to public road right-of-way) and all of the owners thereof have consented to annexation (this we will refer to as the "corridor doctrine").
What the City of Tuskegee and the owner of the dog track property have attempted to do in this case is wed the public right-of-way doctrine and the corridor doctrine, and produce a hybrid offspring which can best be described as the "long lasso doctrine." This does violence to the purpose and intent of the Alabama annexation law, and produces a result which we think goes far beyond anything the Legislature contemplated or intended.
If the long lasso doctrine were the law of this State, it would not take much imagination to foresee how it could be abused and the problems that it would create, and we cannot make an exception for the City of Tuskegee in this case, no matter how pure the City's motives might be, or how beneficial the results might be to the City and the dog track.
There being no material issue of fact as to the City of Tuskegee's method of annexation, Plaintiffs are entitled to Summary Judgment as a matter of law. *395 Accordingly, it is Ordered, Adjudged and Decreed that the attempted annexation of the dog track property by the City of Tuskegee, pursuant to City of Tuskegee Ordinance No. 84-1 and Ordinance No. 84-2, exceeds the lawful authority of the City of Tuskegee, and [it is] declared to be null and void.
We reverse the trial court's grant of summary judgment for two reasons.
First, the trial court was in error because there exists a material issue of fact as to whether the road which served as a vehicle for the contiguity requirement of the annexation statute had been abandoned and had, thus, become private property. The annexation proceeding at issue in this case was conducted pursuant to Code 1975, § 11-42-21, which provides in part:
Whenever all of the owners of property located and contained within an area contiguous to the corporate limits of any incorporated municipality with a population of 2,000 inhabitants or more located in the state of Alabama, which property does not lie within the corporate limits or police jurisdiction of any other municipality, shall sign and file a written petition with the clerk of such municipality requesting that such property or territory be annexed to the said municipality, and the governing body of such municipality adopts an ordinance assenting to the annexation of said property to such municipality, the corporate limits of said municipality shall be extended and rearranged so as to embrace and include such property and such property or territory shall become a part of the corporate area of such municipality upon the date of publication of said ordinance.
Plaintiff F.C. Thompson contends that he is a landowner whose property was within the designated roadway right-of-way annexed by the City of Tuskegee and that he has not given consent to the annexation as required by Code 1975, § 11-42-21. Plaintiffs' expert stated in an affidavit that Thompson's deed included the annexed right-of-way and that in his opinion the road annexed by the City had long been abandoned by the County. These circumstances give rise to a material issue of fact as to the public status of the annexed road as well as whether the City conducted the disputed annexation in accord with the statutory requirements. The trial court, on remand, must conduct a hearing to determine if the disputed roadway is public or private. On motion for summary judgment, there were affidavits supporting both contentions. If the roadway is determined to be private, a determination must be made as to whether all private owners have given their consent. See Code 1975, § 11-42-21.
In addition, the trial court erred in holding that the City of Tuskegee's method of annexation entitled plaintiffs to summary judgment as a matter of law. We do not subscribe to the view espoused by the trial court that the physical traits of the annexed land in the instant case violate the purpose and intent of Alabama's annexation law. Code 1975, § 11-42-21, only requires that the annexed land be "contiguous to the corporate limits" of the annexing municipality. In City of Dothan v. Dale County Commission, 295 Ala. 131, 324 So.2d 772 (1975), this Court held that a 350-foot-wide common boundary between a municipality and annexed land was sufficient to satisfy the statutory contiguity requirement despite the fact that the land annexed constituted a narrow corridor connecting a parcel of land miles from the corporate limits of the municipality. This Court rejected a requirement of a "substantial common boundary" and found that "`contiguity' means a `touching' at some point." 295 Ala. at 134, 324 So.2d at 775. This Court went on to say:
We know of no statutory mandate that the municipal boundaries of all territories sought to be annexed must form a regular shape.... Had the legislature been so disposed as to require all municipalities to possess boundaries of uniform and regular width and length it might have said so.
295 Ala. at 135, 324 So.2d at 776. See also City of Birmingham v. Mead Corp., 372 *396 So.2d 825 (Ala.1979). Clearly, the annexation by the City of Tuskegee meets the contiguity requirement defined in City of Dothan.
Although we concede that the facts in the present case differ from those in City of Dothan, we see no compelling reason for reaching a different result here. The corridor or strip annexed in this case arguably consists of public road right-of-way rather than private property; however, as previously noted, the legislature used the term "contiguous" without reference to the nature of the annexed land or the use to which it is put. There is no statutory requirement that the land be private rather than public, and we find no basis for reading this limitation into the statute.
The majority of courts in other jurisdictions with statutory provisions similar to our own have treated corridor annexation with disfavor, regardless of whether the corridor involved public or private land. See Annot., 49 A.L.R.3d 589, § 10-16 (1973). However, in City of Dothan, this Court condoned corridor annexation. In other jurisdictions that have generally upheld this annexation method, there has been no apparent distinction made between the annexation of public road rights-of-way and private property and the use of public rights-of-way has been upheld. See e.g. Fox Development Co. v. City of San Antonio, 468 S.W.2d 338 (Tex.1971).
We agree that the wholesale allowance of what the circuit court terms "the long lasso doctrine" could invite abuse and substantial problems; however, it is also a general rule in this state that the courts can act to correct an abuse of a municipality's discretion in enacting an annexation ordinance. See City of Birmingham v. Mead Corp., 372 So.2d 825 (Ala.1979); Washington v. City of Birmingham, 364 So.2d 1151 (Ala.1978); City of Birmingham v. Community Fire District, 336 So.2d 502 (Ala.1976).
The Court in City of Dothan considered the City's motives, as well as the beneficial results derived from the contested annexation:
Clearly, the proposed annexation is no sham or subterfuge because the City of Dothan has a valid municipal interest in its own municipal airport.
324 So.2d 776. Applying these same considerations to the peculiar facts of the instant case, it is abundantly clear that the City of Tuskegee's interest in the annexed property, as well as its motivation in enacting the annexation ordinance, are no less laudable than those apparent in City of Dothan. The City furnishes electricity, water, fire protection, and police protection to the annexed property and has expended approximately $500,000.00 to provide these services. Moreover, the City receives $8,000.00 to $9,000.00 monthly in tax revenues generated by the racing facility situated on the annexed property. Until the legislature pronounces more circumscribed limitations upon the power it has delegated to municipalities to extend their boundaries, we see no reason to adopt the result reached by the trial court, which in our minds' eye would establish an inflexible precedent that would stifle growth in our state and hinder the upgrading of beneficial public services for our citizens.
REVERSED AND REMANDED.
FAULKNER, SHORES and ADAMS, JJ., concur.
BEATTY and HOUSTON, JJ., concur specially.
TORBERT, C.J., and MADDOX, JONES and ALMON, JJ., dissent.
HOUSTON, Justice (concurring specially).
Four Justices on this Court would affirm the trial court's rejection of the "long lasso" doctrine, but would also reaffirm this Court's rejection in City of Dothan v. Dale County Commission, 295 Ala. 131, 324 So.2d 772 (1975), of the "substantial common boundary" annexation doctrine. This reasoning is inconsistent. I cannot distinguish City of Dothan from the case at issue. In City of Dothan, this Court permitted a 350-foot-wide strip of land owned *397 by an authority exempt from ad valorem taxes to serve as a corridor to connect the city limits of Dothan with property which Dothan wanted to use as a municipal airport. The opinion did not disclose the length of the strip of land, but did show that it extended beyond the geographical boundaries of Houston County into Dale County.
It is clear to me that Dothan a decade ago employed the same "long lasso" that Tuskegee is accused of using in the case at issue. Perhaps the dimensions of the "lasso" are not the same here as in City of Dothan; but since the present law of Alabama is that "contiguity" for annexation purposes means "touching at some point," the width of the strip and the length of the corridor are immaterial.
The four dissenting Justices in this case attempt to distinguish City of Dothan by the fact that here "the only connecting territory between the dog track and the nearest boundary ... is fourteen miles of public rights of way." The majority correctly points out, however, that in those jurisdictions that have adopted corridor annexation, no distinction has been made between the annexation of public land and the annexation of private land. Under the rule adopted in City of Dothan, if there is a public right-of-way between the city limits of Tuskegee and the "dog track" property, it can serve as a "corridor" to provide the contiguity for annexation purposes.
Three Justices on this Court would reaffirm the City of Dothan decision without distinguishing it from the case at issue. The four dissenting Justices would reaffirm City of Dothan while attempting to distinguish it from the present case, as discussed above. Thus, seven Justices of this Court agree that the doctrine expressed in City of Dothan should be reaffirmed. But in condoning corridor annexation (even for the worthy purpose for which the annexation was sought, namely, an airport) this Court took a position contrary to that taken by the majority of courts in this country. Those courts require that there be a "substantial common boundary" to satisfy the statutory contiguity requirement. I share that view and believe that we should overrule City of Dothan. Sometime in the future I hope that a majority of this Court will come to share this view. The present law in Alabama, however, is that enunciated in City of Dothan. Since "contiguity" for annexation purposes means "touching at some point," Tuskegee has the right under present law to annex the land in question.
A question of fact, making summary judgment inappropriate, is whether the roads between the city limits of Tuskegee and the "dog track" property are all public roads or whether some of those roads or parts of them have been vacated or abandoned. See Bownes v. Winston County, 481 So.2d 362 (1985). If any portion has been abandoned or vacated and the owner or owners[1] who have acquired title thereto have not consented to the annexation, then the annexation is not valid; but that is for the trier of facts and not a matter for summary judgment.
BEATTY, J., concur.
JONES, Justice (dissenting).
I would adopt the trial court's judgment (less the last paragraph, not here pertinent) as the opinion of this Court. For a collection of authorities supportive of the trial court's rejection of the "long lasso" doctrine, see Annot., 49 A.L.R.3d 589, §§ 10, 16 (1973).
The central thrust of the City's argument is founded on this Court's rejection of the "substantial common boundary" annexation theory in City of Dothan v. Dale County Commission, 295 Ala. 131, 324 So.2d 772 (1975). I not only agree with the premise of the City's contention, but I would reaffirm the City of Dothan holding. I would hasten to point out, however, *398 that the trial court's rejection of the City's argument in support of annexation in this case is based on a set of facts altogether different from the facts presented in City of Dothan.
Indeed, the facts in the two cases differ materially, in that the only connecting territory between the dog track and the nearest city boundary in the instant case is fourteen miles of public rights-of-way. In City of Dothan, the property owned by the airport authority extended the full distance from the airport proper to a point that bounded 350 feet of land along the nearest municipal boundary; and in that case there was no extended corridor consisting solely of public rights-of-way connecting the "annexed" property to the city boundary.
TORBERT, C.J., and MADDOX and ALMON, JJ., concur.
NOTES
[1] § 11-42-20, Code 1975"The term `owners,' as used in this article, shall mean the person in whose name the property is assessed for ad valorem tax purposes in the absence of proof to the contrary."