507 So.2d 489 (1987)
CITY OF FULTONDALE, et al.
v.
CITY OF BIRMINGHAM, et al.
CITY OF BIRMINGHAM
v.
CITY OF TRUSSVILLE.
85-1159, 85-1440.
Supreme Court of Alabama.
April 24, 1987.
J. Scott Greene of Bishop, Colvin & Johnson, Birmingham, for appellant City of Fultondale.
James K. Baker, City Atty., and David J. Vann of Carlton, Vann & Stichweh, Birmingham, for appellant City of Birmingham in No. 85-1440.
David J. Vann of Carlton, Vann & Stichweh, Birmingham, for appellee City of Birmingham in No. 85-1159.
Carl E. Johnson of Bishop, Colvin & Johnson, Birmingham, for appellee City of Trussville.
PER CURIAM.
Fultondale and Trussville filed separate actions against Birmingham, challenging the validity of annexation actions taken by Birmingham and seeking declaratory and injunctive relief. Birmingham filed counterclaims, alleging that certain purported annexations by Fultondale and Trussville were improper. These cases were consolidated for appellate review.
Acting pursuant to the provisions of Act No. 32, Acts of Alabama 1964, p. 54, Fultondale *490 and Trussville each began annexation proceedings by passing a resolution giving notice of a public hearing to be held prior to the adoption of an annexation ordinance. Fultondale's proposed annexation included portions of seven public road rights-of-way which were necessary to create contiguity with the existing city limits of Fultondale. Trussville's proposed annexation included 13 residential streets, approximately two miles of U.S. Highway 11 right-of-way, portions of old Highway 11 right-of-way, and portions of Interstate 59 right-of-way. These rights-of-way were used to create contiguity to the existing city limits of Trussville.
After the Fultondale and Trussvile annexation procedures were in progress, Birmingham adopted annexation ordinances pursuant to Ala.Code 1975, § 11-42-21. Under this section, Birmingham assented to U.S. Pipe & Foundry's petition for annexation of its property into Birmingham. Portions of the U.S. Pipe property lie across roadways that were included in the Fultondale and Trussville annexations. Birmingham purported to annex and/or "jump across" these roadways in order to make those portions of the U.S. Pipe property contiguous to the existing city limits of Birmingham.
Fultondale and Trussville argue that the first municipality to commence annexation proceedings in compliance with statutory annexation procedures takes priority over any attempt by another municipality to annex the same territory. They also argue that once a right-of-way is annexed into a particular municipality, another municipality may not "jump across" that right-of-way in order to annex property on the other side of that right-of-way.
Birmingham argues that both the Fultondale and the Trussville annexation attempts, which use public road rights-of-way, as authorized under City of Tuskegee v. Lacey, 486 So.2d 393 (Ala.1985), to create contiguity, are invalid, arbitrary, and unreasonable exercises of corporate power.
In the Fultondale case, the trial court granted Birmingham's motion for summary judgment, holding, as a matter of law, that Birmingham's use of the public road rights-of-way was permissible, but reserving the court's ruling on whether Fultondale's use of the rights-of-way was proper. In the Trussville case, the trial court held that Trussville's annexation procedures were proper; and that although the annexation proceedings were not complete when Birmingham began its annexation, Trussville had precedence over the rights-of-way and Birmingham's annexations using the same rights-of-way were invalid.
These two cases present this Court with an opportunity to reexamine the holdings in City of Tuskegee v. Lacey, supra, and City of Dothan v. Dale County Comm'n, 295 Ala. 131, 324 So.2d 772 (1975).
Although most courts that have addressed the issue of "corridor" or "strip annexation" have disfavored it, this Court has condoned such annexation in City of Dothan v. Dale County Comm'n, supra. See Annot., 49 A.L.R.3d 589, § 10-16 (1973), and 56 Am.Jur.2d Municipal Corporations § 69 at 126 (1971), for a listing of those courts disfavoring it. Corridor annexation was upheld in City of Dothan based upon the municipal purpose involved and the definition of "contiguity." Although Alabama's annexation statutes do not specifically define "contiguous," there is a requirement in Ala.Code 1975, § 11-42-42, that territory to be annexed be "contiguous to the boundary of the city at some point." Accordingly, this Court refused to require that a substantial common boundary exist between the annexing city and the annexed territory, as some other states have done. City of Dothan v. Dale County Comm'n, supra. Based upon this statutory language, we feel we must reaffirm the holding in City of Dothan.
Upon reexamining the holding in City of Tuskegee v. Lacey, supra, we feel it should be overruled for two major reasons.
First, the facts in City of Dothan and City of Tuskegee are materially different. In City of Dothan, a private property owner petitioned to have his property annexed into the city of Dothan. This property created the necessary contiguity with the airport property. City of Tuskegee involved *491 14 miles of public road rights-of-way, and not one property owner along that route petitioned to be brought into the city of Tuskegee. Alabama's statutory methods of annexation require that property owners consent to the annexation before an annexation of their property can occur.[1] See Ala.Code 1975, §§ 11-42-1 through 11-42-88. The public road rights-of-way annexed in City of Tuskegee were used merely to create contiguity and, in effect, to avoid the requirement of a touching at some point. We do not believe the legislature intended to allow annexation in this manner.
Second, in City of Tuskegee, the main opinion recognized that the wholesale allowance of "the long lasso method" of annexation could invite abuse and substantial problems. We feel the instant cases represent such abuse and problems.
A look at the maps in the records of the present cases discloses the unreasonableness of the Fultondale and Trussville annexations. The proposed annexations by Fultondale and Trussville consist of strips of roadways running in all directions from each city, creating a spider-web effect and leaving areas of unincorporated territory surrounded by the roadways, but otherwise unconnected with either Fultondale, Trussville, or Birmingham. Also, it appears from the Trussville map that Trussville annexed portions of rights-of-way that were not connected to any tract of land as to which there had been a petition for annexation into Trussville.
This Court has held annexation unreasonable and invalid where a municipality drew its annexation lines so as to include only those people whom it had predetermined would be in favor of annexation. City of Birmingham v. Community Fire District, 336 So.2d 502 (Ala.1976). We hold that the use of public road rights-of-way to create contiguity is unreasonable and invalid as a matter of law.
Although Alabama law does not require that municipal boundaries form a regular shape, the legal and popular idea of a municipality in this country is "that of oneness, community, locality, vicinity; a collective body, not several bodies; a collective body of inhabitantsthat is, a body of people collected or gathered together in one mass, not separated into distinct masses, and having a community of interest because residents of the same place, not different places." 56 Am.Jur.2d Municipal Corporations § 69 at 125 (1971); City of Dothan, supra. The annexations proposed by Fultondale and Trussville do not create a collective body of inhabitants, but, rather, several bodies scattered across an area, a result we feel the legislature did not intend.
Based upon the foregoing, the holding in City of Tuskegee is overruled. Accordingly, we reverse the judgment that holds the Trussville annexation to be proper and remand the cause for the entry of a judgment consistent with this opinion; and we affirm the summary judgment granted in favor of Birmingham in the Fultondale case, not for the reasons given by the trial court, but due to our holding that annexation by use of public road rights-of-way is invalid.
85-1159, AFFIRMED.
85-1440, REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and ALMON, JJ., concur.
STEAGALL, J., concurs in the result.
SHORES, BEATTY and HOUSTON, JJ., dissent.
ADAMS, J., not sitting.
STEAGALL, Justice (concurring in the result).
Because most of the states that have addressed the issue of corridor or strip annexation require a substantial common boundary, I have reservations about reaffirming City of Dothan v. Dale County Comm'n, 295 Ala. 131, 324 So.2d 772 (1975). A listing of those courts requiring a substantial common boundary can be found at Annot., 49 A.L.R.3d 589, § 10-16 (1973), and 56 Am.Jur.2d Municipal Corporations, *492 § 69 at 126 (1971). I think the Court is correct in overruling City of Tuskegee v. Lacey, 486 So.2d 393 (Ala.1985). However, I would go further and overrule City of Dothan also. Nevertheless, since the Court declines at this time to overrule City of Dothan, I concur in the result of the per curiam opinion to overrule City of Tuskegee.
HOUSTON, Justice (dissenting):
I would overrule both City of Dothan v. Dale County Comm'n, 295 Ala. 131, 324 So.2d 772 (1975), and City of Tuskegee v. Lacey, 486 So.2d 393 (Ala.1985), abolish strip or corridor annexation in Alabama, and require a substantial common boundary for municipal annexation as is required by a substantial majority of the states. See Annot., 49 A.L.R.3d 589 (1973). Since I cannot distinguish City of Dothan from City of Tuskegee, I would not overrule one without overruling both (see my special concurrence in City of Tuskegee, 486 So.2d at 396-7). What difference does it make whether the umbilical cord by which the annexed property is joined to the city is owned by a tax-exempt, non-elector, quasi-municipal corporation or by a governmental entity?
NOTES
[1] We note that unanimous consent is not required under all methods of annexation.