551 So.2d 940 (1989)
Keith JOHNSON, et al.
v.
Frank D. RICE, et al.
Keith JOHNSON, et al.
v.
MARSHALL COUNTY CONCERNED CITIZENS, an unincorporated association.
JLJ, Inc.
v.
MARSHALL COUNTY CONCERNED CITIZENS, an unincorporated association, et al.
JLJ, Inc.
v.
Frank D. RICE, et al.
88-74, 88-75, 88-304 and 88-305.
Supreme Court of Alabama.
June 23, 1989.
Rehearing Denied September 15, 1989.
*941 James T. Baxter, III and Joe M. Berry of Berry, Ables, Tatum, Little & Baxter, Huntsville, for appellants, Paul T. Berry, Ruby Berry, Paul T. Berry, Jr., McPherson Oil Co., Inc., Keith Johnson, Steve Tamburo, and Donna Tamburo.
Donald W. Stewart, Anniston, for appellant, JLJ, Inc.
T.J. Carnes of Carnes & Carnes, Albertville, for appellees.
JONES, Justice.
These consolidated appeals arise from a summary judgment entered in cases involving the validity of local ordinances ordering the annexation of property to the City of Guntersville, Alabama. Because the trial court's judgment includes a detailed explanation of the complex background facts and the posture of the case, we set it out in full:

"FINAL JUDGMENT AND DECREE
"The above cases were consolidated, and both came before the court on motions for Summary Judgment. After considering the pleadings, the evidence, and the applicable law, the court enters this Order granting Summary Judgment in favor of the plaintiffs.

"FINDINGS OF FACT
"The following facts were stipulated in open court by all the parties to be true and correct. That stipulation, however, is limited to these summary judgment motions in these two cases, and that stipulation shall not be binding on any of the parties in other cases or in any future trial of these two cases (should there be any such trial). Pursuant to that stipulation, the court finds as follows:
"1. (A) The following are plaintiffs in case number CV-86-337: Keith Bruce, George D. Williams, Paul E. Brooks, Melba J. Alexander, Beamon C. Alexander, L.D. Alexander, Estelle Alexander, Charles C. Cornelius, F.D. Rice, Doris C. Edmonds, James V. Gauntt, and Ruth W. Gauntt.
"(B) All of said persons are registered voters of Marshall County [, Alabama,] residing in the Warrenton Community in Marshall County and not in the City of Guntersville. They each and all desire that Marshall County be legally `dry' with regard to the sale of alcoholic beverages.
"(C) Joe B. King also is a plaintiff in case number CV-86-337. He operates a business at Route 3, Guntersville in Marshall County, Alabama. This business is not in the City of Guntersville and was not in the police jurisdiction of the City of *942 Guntersville before the passage of [City of Guntersville] ordinances 588, 592, 593.
"2. Willis B. Kelley, Homer McDonald, Rayford Brothers, Shirley Atchley, Glen Waldrop, A.G. McClearen, Wendell Darnell, and Florence Butler are plaintiffs in case number CV-88-082, and all of them are residents of Marshall County, Alabama, and each desires Marshall County to be legally `dry' with regard to the sale of alcoholic beverages.
"3. Marshall County Concerned Citizens is also a plaintiff in case number CV-87-082, and it is an unincorporated association whose members are residents of Marshall County, Alabama. The purpose of the association is to provide an organization for concerted action on issues considered by the members to be of important public concern. The primary activity of the organization in the past has been to advocate the `dry' position in wet-dry referenda.
"4. The City of Guntersville is a municipal corporation in Marshall County, Alabama, existing under the laws of the State of Alabama, and had a population in excess of 7,000 persons by the 1980 United States census. The defendant, Bob Hembree, is the mayor of the City of Guntersville, and defendants Danny Parker, Robert M. Kelley, Joy Cranford, Leamon Jarmon, and Jimmy Hindman are members of the City Council of the City of Guntersville.
"5. The last wet-dry referendum in Marshall County was held on November 24, 1981. In this referendum 8,530 persons voted `yes' and 11,481 voted `no.'
"6. The City of Guntersville held a referendum on the legal sale of alcoholic beverages in 1984. The majority of persons voting in the referendum voted for the legal sale of alcoholic beverages.
"7. The City of Guntersville passed and approved the following ordinances on the dates indicated below:

"Ordinance Complaint Complaint Kennamer
No. Date Ex. No. Map Ex. Ex. No.
588 4/7/86 17 9 1
589 4/7/86 2 9 2
590 5/10/86 3 9 3
591 5/27/86 4 10,11 4
592 7/7/86 5A 12 5
593 7/7/86 5B 12 6
594 7/7/86 15 16 7
595 7/4/86 6 9 8
596 7/7/86 7 10 9
597 8/4/86 8 13 10

"8. The following defendants have been granted licenses by the City of Guntersville for the sale of alcoholic beverages on the property owned or occupied by them which was annexed by one of these ordinances:

Defendant Ordinance No.
J D & L Enterprises, Inc. 588 & 592
Carl T. Vinson 591
Marshall Enterprises, Inc. 591
Paul T. Berry 593
Dorsey & Rhonda Rogers 594
McPherson Oil Co., Inc. 596
Keith Johnson 597
Steve Tamburo 596

JLJ, Inc., applied to the City of Guntersville for a license to sell alcoholic beverages on the property that was annexed by ordinance number 590, but that license has not been granted.
"9. Neither the State of Alabama, the United States of America, nor the Tennessee Valley Authority consented to the adoption of any of these ordinances.
"10. None of the property owners that owned the property along the strips of highway rights-of-way that were annexed (other than the defendants) consented to the annexations.
"11. Ordinance 588 annexed Lot 1 of Brown's Creek Recreation Center. This property is owned by defendant JD & L Enterprises, Inc. This property was not and is not contiguous to the city limits of the City of Guntersville at any point. The point of the city limits that is the closest to this property is in the Guntersville reservoir that is owned by the United States of America and is under the management of the Tennessee Valley Authority. The city limits line is in the middle of Brown's Creek. The property lying between this property and the city limits line is a part of the Guntersville Lake created by the Guntersville Dam across the Tennessee River. Alabama Highway number 69 crosses the lake at this point and touches said Lot 1. Ordinance 592 annexed this strip of highway. The United States of America is a former owner of Lot 1 and still retains some rights in it as set out in the deed conveying Lot 1.
"12. Plaintiff's Exhibit 14 to the complaint in this case and which is also marked *943 Exhibit Y-F to the affidavit of Deborah Young and Plaintiff's Exhibit 11 to the deposition of Lena Kennamer is a map of Marshall County and, to the extent relevant, accurately shows the city limits of the City of Guntersville before the passage of any of these ordinaces and shows the property annexed by the various ordinances except that ordinance 594 is not shown on the map.
"13. The real estate in issue owned by JD & L Enterprises, Inc., being Lot 1 of Brown's Creek Recreation Center, is owned down to the 600-foot contour line.
"14. The Tennessee Valley Authority owns to the 600-foot line, and reserved a flood easement as to the lands lying below the 604-foot contour line. Other than Highway 69, the only property lying between the property owned by JD & L Enterprises, Inc., and the old city limits of the City of Guntersville is within the Guntersville Lake Reservoir.
"15. The City of Guntersville has not adopted any ordinance repealing any of the ordinances in issue; and neither the City of Guntersville nor the Alabama Alcoholic Beverage Control Board has revoked any alcoholic beverage license held by the defendants.
"16. Ordinance 592 of the City of Guntersville, in annexing Alabama Highway 69 from the existing city limits across the lake to the point where it touches said Lot 1, annexed all of the real estate which is not within Guntersville Lake Reservoir, and which lies between the existing city limits in the middle of Brown's Creek and said Lot 1.
"17. (A) The City Council of Guntersville annexed 29 acres of land owned by one Karen Rush by adopting Ordinance 590 on April 10, 1986. As part of its standard procedure, the City took this newly annexed property into the city limits under an R-1 zoning classification grandfathering in its current use. On September 2, 1986, the property was zoned BG-2.
"(B) JLJ, Inc., an Alabama Corporation, purchased this property on December 30, 1986.
"(C) Aware of the uses available to them under zoning ordinances and regulations of the City of Guntersville, Johnny Lee, Jimmy Cornelius, and one Leon Strahan purchased the property through JLJ, Inc., by warranty deed from Karen Rush. They spent a substantial sum remodeling a building located on five acres of the subject property, and, subsequently, applied for a license to sell alcoholic beverages for off-premises consumption in that facility; and, finally, applied to the City Council to have five acres of their property rezoned from BG-2 to BG-2-A zoning classification. Under the BG-2 zoning classification, one of the permitted land uses is the sale of alcoholic beverages for off-premises consumption, and under BG-2-A one of the additional land uses is the sale of alcoholic beverages for on-premises consumption.
"(D) The City Council denied JLJ, Inc.'s, request for a license to sell alcoholic beverages for off-premises consumption on April 6, 1987. On April 20, 1987, the City Council voted to deny JLJ, Inc.'s, request to rezone the property from BG-2 to BG-2-A. In May of 1987, the Defendant, JLJ, Inc., and its two stockholders filed suit against the City, claiming damages for a denial of their constitutional rights. A copy of this suit is Exhibit A to `Response of Defendant JLJ, Inc., an Alabama Corporation, to the Plaintiff's Proposed Findings of Fact, etc.'
"(E) The JLJ, Inc., stockholders told the City about their plans in early January of 1987.
"(F) Jimmy Cornelius and Johnny Lee are the only stockholders of JLJ, Inc., an Alabama Corporation.
"18. The Plaintiff, Marshall County Concerned Citizens, an unincorporated association, in Civil Action CV-87-082, is not a taxpayer, and it does not own property which lies within the city limits of the City of Guntersville or which is contiguous to any annexed area of the City of Guntersville.
"19. None of the individually named plaintiffs is a resident of the City of Guntersville, and none of them owns property within the city limits of the City of Guntersville.
*944 "20. No named plaintiff's real estate has been subjected to additional taxation by any of the annexations in question.
"21. Paul T. Berry, Jr., resides on part of the property annexed in Ordinance 593, and is registered to vote as a resident at that address.
"22. Steven Tamburo, Donna Tamburo, Paul T. Berry, Paul T. Berry, Jr., Ruby Berry, McPherson Oil Company, Inc., and Keith Johnson each, after annexation into the City of Guntersville of the property upon which their businesses are located, applied for and received licenses for the sale of certain alcoholic beverages in order to sell such alcoholic beverages, and have, subsequent to said annexation of their property, collected and remitted for the City of Guntersville all sales, license, and other tax or license fees required and necessary by virtue of the property's lying and being within the city limits of the City of Guntersville.
"23. Steven and Donna Tamburo, prior to receiving approval for their licenses or permits to sell certain alcoholic beverages at the location on certain of the annexed property, spent substantial amounts of money in the renovation of the existing facility, both inside and outside, including landscaping required by the City of Guntersville, equipment to cool and keep beer, and for licenses to sell alcoholic beverages, in an amount well over $12,000.
"24. Subsequent to the annexation and to allow the Berrys (Paul T. Berry, Jr., Ruby Berry, and Paul T. Berry) to undertake the delicatessen and beverage business which they conduct on their property which was annexed, they spent well over $25,000 in renovation of the building, both interior and exterior, and in the installation of equipment, including immovable walk-in coolers, counters, and necessary cooking and food preparation areas for the operation of the delicatessen as well as making extra landscaping improvements which were required by the City of Guntersville, in reliance upon the then latest pronouncement of the Supreme Court of Alabama as to the state of the law concerning annexations by petition set out in City of Tuskegee v. Lacey, 486 So.2d 393 (Ala.1985).
"25. No plaintiff, as a result of the annexations, has had levied or assessed against it an increased burden of taxation.

"CONCLUSIONS OF LAW
"One or more of the plaintiffs has standing to challenge the validity of each annexation ordinance challenged herein, and the validity of each alcoholic beverage license challenged herein.
"City of Fultondale v. City of Birmingham, 507 So.2d 489 (Ala.1987), and the rejection of `long lasso' annexation expressly set out therein, is retroactive in application. Accordingly, any attempted long lasso annexations by the City of Guntersville were void ab initio, even though such attempted annexations may have been undertaken in good faith reliance on the approval of long lasso annexation in City of Tuskegee v. Lacey, supra.
"Annexation across a public waterway is substantially different, factually and legally, from long lasso annexation along (as opposed to across) a public road. Annexation across a public waterway, in many respects, is substantially similar to annexation across a public road. The question is: `What did the legislature mean and intend when requiring that the parcel to be annexed be contiguous to the existing city limits?' Our Supreme Court, in answering that question, has said that two parcels of land are contiguous, within the meaning and intent of the legislature, if they lie on opposite sides of a public road. This finding does not, and should not, turn on an exhaustive analysis of who owns the underlying fee to, or who has reversionary rights to, the road right-of-way, or any similar principles of real estate law. Rather, the basis for this interpretation rests most comfortably upon a common sense recognition and understanding of what is necessary for the proper and efficient functioning of city government. In particular, to be considered are matters such as proximity and access (both close and convenient) to existing city services, such as police and fire protection, school bus routes, utility *945 services, and similar functions of city government. It is reasonable to expect a city to provide these services to a parcel of land which merely lies across the street from the existing city limits, but it would be unreasonable in most instances to expect a city to provide these services to a parcel of land that lies fifteen or more miles down the road from the existing city limits. Surely, our legislature intended the former, but just as surely, they did not intend the latter.
"There may be circumstances, then, when we can say that the legislature intended that parcels should be considered contiguous even though they be separated by a body of water, if the various criteria applicable to public roads discussed above can be found to exist in that particular circumstance. In studying the facts in this case, we find that the property of JD & L Enterprises is separated from the city limits of Guntersville by a body of water, but that it otherwise meets all the criteria discussed above applicable to annexation across public roads, and that it should be as a matter of law determined to be contiguous to the existing city limits of Guntersville. In reaching this conclusion, we find essential facts to exist in this case with respect to the location of the JD & L Enterprises property in relation to the existing city limits of Guntersville, and were it not for the presence of each and all these facts, our conclusion as to contiguity would be otherwise:
"a) But for the intervention of a public waterway (Guntersville Lake, owned and operated by the Tennessee Valley Authority, a public governmental entity) and the appurtenant lake-shore property rights owned by TVA (such as flooding rights), the JD & L Enterprises property would actually touch the existing city limits of Guntersville.
"b) The JD & L Enterprises property lies directly across the public waterway from the existing city limits of Guntersville, and not diagonally across the waterway.
"c) There is a public road (including a bridge and approaches thereto) which crosses the public waterway and connects the existing city limits of Guntersville to the JD & L Enterprises property, with no intervening landowners which abut said public road other than TVA. In other words, the bridge and approaches begin inside the City of Guntersville and cross the public waterway (Guntersville Lake), and the first private property owner on the other side of the lake which abuts the public road is the JD & L Enterprises property.
"d) Ordinance 592 annexes both the JD & L Enterprises property and the public road right-of-way which connects it to the city, so after the annexation it is not necessary to go outside of the city to reach the JD & L Enterprises property.
"We believe that the foregoing criteria embrace all the requirements for contiguity which the legislature intended: the property lies directly across a public strip of property (in this case, a waterway) from the existing city limits, and there is immediate, convenient and open access to the property by public road for the provision of all municipal services without having to pass over or by other private properties which are not annexed into the city. Ordinance 588 attempts to annex the JD & L Enterprises property, but does not annex the connecting public road; therefore, ordinance 588 does not meet the foregoing criteria, and ordinance 588 is invalid.
"The foregoing conclusions and findings with respect to crossing a public waterway, we submit, are not an expansion or alteration of the existing law relative to annexation of contiguous property by consent; they merely recognize the factual and legal analogies between crossing a public road and crossing a public waterway.

"JUDGMENT OF THE COURT
"The foregoing considered, it is Ordered, Adjudged, and Decreed as follows:
"1. That the mayor and council of the City of Guntersville were without authority to adopt the ordinances listed below, and that all of said ordinances are void, and were null and void ab initio, because they rely on and attempt to utilize an illegal method of annexation known generally as long lasso *946 annexation, said ordinances being: Ordinances 589, 590, 591, 593, 594, 595, 596, and 597.
"2. That the mayor and council of the City of Guntersville were without authority to adopt Ordinance 588, and said ordinance is void, and was null and void ab initio, because the property attempted to be annexed cannot be reached by public road without going outside the city limits of the City of Guntersville.
"3. That Ordinance 592 is a valid ordinance, and was within the authority of the mayor and council of the City of Guntersville to enact; and the property described therein is legally annexed into the City of Guntersville.
"4. That all licenses issued by the City of Guntersville for the sale of alcoholic beverages upon the properties described in, and attempted to be annexed by, the ordinances listed in paragraph one above, are void, and were null and void ab initio.
"5. That the City of Guntersville is hereby permanently enjoined from exercising any sovereign jurisdiction, powers or authority over or with respect to, the properties described in, and sought to be annexed by, the ordinances listed in paragraph one above, except to the extent that any such properties may have been located within the police jurisdiction of the City of Guntersville prior to the attempted annexations herein held to be invalid.
"6. That all persons, firms, and corporations who purport to hold licenses issued by the City of Guntersville and the State of Alabama for the sale of alcoholic beverages at, upon or from the properties described in the ordinances listed in paragraph one above, are permanently enjoined from exercising any and all rights or privileges which such licenses purport to grant with respect to the sale of alcoholic beverages.
"Let a copy of this Final Judgment and Decree be mailed by the Clerk to all attorneys of record.
 "This 29th day of September, 1988.
 "/s/ James Avery
 "Circuit Judge
 "Specially assigned"
We have carefully studied the foregoing judgment and, in connection therewith, we have made a careful review of all the evidence, including the exhibits and the arguments of counsel in briefs and before this Court in oral argument, and we find no basis for reversing it.
88-74 AFFIRMED.
88-75 AFFIRMED.
88-304 AFFIRMED.
88-305 AFFIRMED.
HORNSBY, C.J., and ADAMS and KENNEDY, JJ., concur.
MADDOX, J., concurs specially.
STEAGALL, J., concurs in part and dissents in part.
ALMON, SHORES and HOUSTON, JJ., dissent.
MADDOX, Justice (concurring specially).
All of the annexations in this case were based on the authority of City of Tuskegee v. Lacey, 486 So.2d 393 (Ala.1985), not on the authority of City of Dothan v. Dale County Comm'n, 295 Ala. 131, 324 So.2d 772 (1975). I am of the opinion that (except for the one annexation approved) the properties annexed were not contiguous; as I understand the facts, the city attempted to meet the "contiguity" requirement in those annexations only by using a public way, which the law does not permit.
STEAGALL, Justice (concurring in part; dissenting in part).
I concur in that part of the majority opinion that upholds our rejection of the long-lasso doctrine and, thus, disallows certain annexations. I dissent from that part of the majority opinion which allows annexation without requiring a substantial common boundary between the Guntersville city limits and the land to be annexed. See my separate opinion concurring in the result in City of Fultondale v. City of Birmingham, 507 So.2d 489, 491 (Ala.1987).
*947 ALMON, Justice (dissenting).
I respectfully dissent. While the majority opinion does not address the question of standing, that issue is the principal issue on appeal. Therefore, the majority sub silentio adopts the rule that anyone can challenge a municipal annexation, regardless of their stake in the outcome.
It is axiomatic that a party must have standing to challenge the validity of an annexation ordinance. This Court has held that "[o]ne has standing to bring his complaint into court `if his stake in the resolution of that complaint assumes the proportions necessary to ensure that he will vigorously present his case.'" Ex Parte Marshall Durbin & Co. of Jasper, Inc., 537 So.2d 496, 497 (Ala.1988), quoting Smith v. Potts, 293 Ala. 419, 422, 304 So.2d 578, 580 (1974). Also, to be a proper party plaintiff, the party must have "an interest in the right to be protected." Marshall Durbin, supra, at 497-98. See also Davis v. Southern United Life Ins. Co., 494 So.2d 48 (Ala.1986); Eagerton v. Williams, 433 So.2d 436 (Ala.1983); Bagley v. City of Mobile, 352 So.2d 1115 (Ala.1977). Furthermore, "the question of standing to bring an action focuses on the party seeking to bring a complaint before a court and not on the issues the party wishes to have adjudicated." Smith v. Potts, 293 Ala. 419, 422, 304 So.2d 578, 580 (1974) (emphasis added), citing Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968), and Harman v. City & County of San Francisco, 7 Cal.3d 150, 101 Cal.Rptr. 880, 496 P.2d 1248 (1972).
The plaintiffs in this case have no interest in the outcome. The record reflects that the plaintiffs own no property within the city limits of the City of Guntersville, and that they own no property in the area sought to be annexed. No plaintiff resides within the city limits of the City of Guntersville, nor does any plaintiff reside in the area sought to be annexed. No plaintiff owns land within the police jurisdiction of the City of Guntersville, nor would any plaintiff own property in the police jurisdiction after the proposed annexation. No plaintiff resides within the police jurisdiction of the City of Guntersville, nor would any plaintiff reside in the police jurisdiction after the proposed annexation. No plaintiff owns property or resides in the vicinity of the property sought to be annexed. None of the plaintiffs will suffer an increased tax burden as a result of the proposed annexation. Quite simply, the plaintiffs would not be affected by the proposed annexation. As a result of this lack of interest, the plaintiffs have no standing to challenge the validity of the annexation ordinances. Because the plaintiffs lack standing, the judgment of the trial court declaring the annexation ordinances invalid is due to be reversed.
SHORES, J., concurs.
HOUSTON, Justice (concurring in Justice ALMON's dissent, but writing on an issue not involving standing).
I join Justice Almon in his dissent based on the issue of standing. I write merely to assert that City of Dothan v. Dale County Commission, 295 Ala. 131, 324 So.2d 772 (1975), remains the law and that City of Tuskegee v. Lacey, 486 So.2d 393 (Ala. 1985), has been expressly overruled, City of Fultondale v. City of Birmingham, 507 So.2d 489 (Ala.1987). We have rejected the requirement of a "substantial common boundary" for annexation, and we have also rejected the "long lasso" doctrine as a means of satisfying the statutory contiguity requirement. What that has left us is questionable. We permit annexation if the umbilical cord between the city and the land to be annexed is a 350-foot-wide strip of land exempt from ad valorem taxes (City of Dothan) and we permit it if that cord is a public waterway of unspecified width (the case at issue), but we deny it if the cord is a public roadway. Annexation rules would make more sense to all concerned and would probably be more just if we simply returned to the requirement of a "substantial common boundary," which I have advocated so often and which is required by a majority of the courts in this country. To the accumulating irrelevance *948 of my past dissents and special concurrences on this issue, I add these words.