I join Justice Almon in his dissent based on the issue of standing. I write merely to assert that City of Dothan v. DaleCounty Commission, 295 Ala. 131, 324 So.2d 772 (1975), remains the law and that City of Tuskegee v. Lacey, 486 So.2d 393 (Ala. 1985), has been expressly overruled, City of Fultondale v. Cityof Birmingham, 507 So.2d 489 (Ala. 1987). We have rejected the requirement of a "substantial common boundary" for annexation, and we have also rejected the "long lasso" doctrine as a means of satisfying the statutory contiguity requirement. What that has left us is questionable. We permit annexation if the umbilical cord between the city and the land to be annexed is a 350-foot-wide strip of land exempt from ad valorem taxes (Cityof Dothan) and we permit it if that cord is a public waterway of unspecified width (the case at issue), but we deny it if the cord is a public roadway. Annexation rules would make more sense to all concerned and would probably be more just if we simply returned to the requirement of a "substantial common boundary," which I have advocated so often and which is required by a majority of the courts in this country. To the accumulating irrelevance *Page 948 
of my past dissents and special concurrences on this issue, I add these words.