In Johnson v. Rice, 551 So.2d 940 (Ala. 1989), these same appellants were held to have standing to challenge the validity of each annexation ordinance involved in that case. What has changed? In my opinion, a group of citizens who oppose the legalization of the sale of alcoholic beverages would have standing to challenge governmental action that would affect their rights. Even though they may not reside *Page 1334 
in the area to be annexed, they have an interest in any annexation to the city that is for the direct or indirect purpose of permitting the sale of alcoholic beverages, an issue of obvious concern to them. Before the annexation, alcoholic beverages could not be sold on the annexed property, because the county had voted to remain "dry." After the annexation, alcoholic beverages can be sold on the annexed property, and it appears from the evidence that one of the reasons for the annexation is to legalize the sale of alcoholic beverages on the annexed property. I believe that gives to this unincorporated association of voters sufficient interest in the annexation that they would have standing to challenge its validity. Although these citizens cannot prevent the residents of the city from voting "wet" or "dry," they should be able to determine whether what was formerly an unincorporated part of the county has validly become a part of the city. Consequently, I respectfully disagree with the court's holding.