322 So.2d 708

Christine **WILSON**

v.

**DOTHAN CITY BOARD OF EDUCATION and the City of Dothan.**

SC 1304.

Supreme Court of Alabama.

Nov. 6, 1975.

62

Edward M. Price, Jr., and Farmer & Farmer, Dothan, for appellant.

Wade H. Baxley, Dothan, for the City of Dothan.

G. M. Harrison, Jr., Dothan, for Dothan City Bd. of Ed.

SHORES, Justice.

Plaintiff-appellant filed suit against the Dothan City Board of Education and the City of Dothan on April 1, 1975, claiming damages for injuries allegedly sustained as a result of the negligence of the Dothan City Board of Education, her employer.

The Board and the City filed motions to dismiss, which motions asserted that the city board of education and the municipality were immune from liability for damages while acting within a governmental capacity.

The trial court granted the defendants' motions to dismiss and the plaintiff appealed.

■ The only case cited by appellant is *Jackson v. City of Florence*, 294 Ala. 592, 320 So.2d 68, decided July 10, 1975. She concedes that, for her to prevail on this appeal, the rule of that case must be extended to cases pending at the time of deliverance of the opinion. This court, in *Jackson*, abolished the defense of immunity for municipalities, and necessarily the agencies thereof, but limited the operation of the rule there laid down to causes of action arising on or after July 10, 1975. The decision to so limit the rule was carefully considered. We were faced with a choice of giving the new rule retrospective application, prospective application only, or so-called quasi-prospective application. We appreciated that either choice was capable of working a hardship on some, and arrived at the selection we made, because we believed it would adversely affect fewer litigants. Having made what was admittedly a difficult decision, we are not now inclined to change it.

■ In granting the defendants' motions to dismiss, the trial court correctly applied

the law as it existed at that time. No other assignment of error having been made, the judgment appealed from must be affirmed.

Affirmed.

BLOODWORTH, FAULKNER, JONES, ALMON and EMBRY, JJ., concur.

HEFLIN, C. J., and MERRILL and MADDOX, JJ., concur in the result.