BEATTY, Justice.
Plaintiff-appellant, Annie M. Loyd, appeals judgments of the Circuit Court of Lauderdale County dismissing her complaints against the City of Florence, Tennessee Valley Authority and certain unnamed defendants for the alleged wrongful death of her minor daughter. We affirm.
Ms. Loyd alleged that her daughter drowned July 6, 1974, while swimming at Point Park, a public swimming complex operated by the City of Florence, as a result of the city’s negligence in operation of the park. She filed one suit against the above-named defendants claiming punitive damages; the second suit claimed funeral expenses.
Both cases were removed to Federal Court at the request of defendant Tennessee Valley Authority. T. V. A. was dismissed as a defendant by the Federal Court, and the cases were remanded to the Circuit Court of Lauderdale County. That Court dismissed the City of Florence as a defendant on February 27,1976; all other defendants in both cases were dismissed with the understanding that additional defendants could be added within thirty days. No defendants were added. Appellant now appeals the dismissal of the City of Florence in both cases, urging upon us the proposition that municipal immunity in death cases be abolished retroactively.
We affirm the action of the circuit court. Although Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68, abolished the doctrine of municipal immunity in all wrongful acts, that decision was prospective in application; therefore, municipal immunity was abolished only from July 10, 1975 forward. The tort which was the subject of this complaint occurred July 6, 1974, over a year prior to the decision in Jackson. Thus, at the time of the alleged tort municipal immunity existed. Therefore, the decision of the circuit court is due to be affirmed.
AFFIRMED.
HEFLIN, C. J., and JONES and SHORES, JJ., concur.
MADDOX, J., concurs specially.