342 So.2d 321 (1976)
Charles WALKER
v.
The CITY OF BIRMINGHAM, Ala., a Municipal Corp., et al.
Sarah M. WALKER
v.
The CITY OF BIRMINGHAM, Ala., a Municipal Corp., et al.
SC 1706 and SC 1707.
Supreme Court of Alabama.
December 10, 1976.
Rehearing Denied March 4, 1977.
W. Eugene Rutledge, Rutledge & Pruett, Birmingham, for appellants.
J. M. Breckenridge, Birmingham, for appellee.
*322 EMBRY, Justice.
Here, we decide if, when one purchases an admission ticket to a public municipal zoo, there arises an implied contract that the walkways in the zoo will be maintained in a reasonably safe condition. A contract arises under these circumstances, and therefore we reverse the summary judgments entered in behalf of the City of Birmingham.
Sarah Walker entered Jimmy Morgan Zoo in Birmingham after paying an admission fee at the gate. While walking on a paved walkway within the Zoo she allegedly stepped into a hole, fell, and sustained injuries resulting in alleged "permanent disability" to her back.
Mrs. Walker filed suit against the City of Birmingham (as did her husband for his derivative cause of action). Three counts of her complaint were based upon negligence theories for the City's failure to properly maintain, inspect and repair the walkway. The fourth alleges the City of Birmingham breached an implied contract that the premises would be maintained in a reasonably safe condition.
The trial court granted defendant's motion for summary judgments on the basis that maintenance of a public park is a governmental function, thereby rendering the City immune from civil liability in connection with the operation of such park, by virtue of Code, Tit. 62, §§ 660 and 729. The Walkers appeal from the summary judgments. We reverse and remand.
The injury in this case occurred October 1, 1972, almost three years before the decision in Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975). Thus, at the time of the alleged tort, municipal immunity existed, and the tort actions are precluded by the prospective application of Jackson. Horton v. Northeast Alabama Regional Medical Center, Inc., Ala., 334 So.2d 885 (1976).
An action based on a contract, implied in fact, can be maintained against the City in this case. Count Four states a claim for breach of an implied contract to provide walkways in suitable condition for use by the plaintiff when she was at the zoo. The breach is stated to consist of allowing a defect in the walkway to exist, as a proximate consequence of which plaintiff fell and was injured. It alleges the implied contract and its breach sufficiently to state a claim for relief. Sims v. Etowah County Board of Education, 337 So.2d 1310 (Ala. 1976); Berry v. Druid City Hospital Board, Ala., 333 So.2d 796 (1976); Rule 8(a), ARCP.
There is one further matter for determination. May the City of Birmingham contract with members of the public for the use of its park?
Title 37, § 1, Alabama Code (1940), provides:
"All municipal organizations now existing in the state of Alabama * * * and all towns and cities that may hereafter be incorporated under the provisions of this title * * * shall sue and be sued, contract and be contracted with * * *"
The City of Birmingham may be sued as to those matters within its corporate powers. The express language of Tit. 37, § 1, empowers the cities of Alabama to make contracts. It is clear, then, that the City of Birmingham may be sued on its contracts, express or implied.
It is also within the scope of the City's corporate powers to establish, provide and maintain parks and park areas, and to charge reasonable fees for access, use or enjoyment of those parks. This power is expressly granted the City of Birmingham in Tit. 62, § 721, Alabama Code.
As we stated in Sims v. Etowah County Board of Education, supra, the purchase of a ticket to a place of public amusement creates a contract between purchaser and proprietor. The City of Birmingham has statutory authority to contract with members of the public regarding the maintenance of its public park walkways in a reasonably safe condition; it may be sued for breach of duties, implied in fact, arising from that contract.

REVERSED AND REMANDED.
*323 BEATTY, J., concurs.
HEFLIN, C.J., and BLOODWORTH, MADDOX, FAULKNER, JONES, ALMON and SHORES, JJ., concur specially.
BLOODWORTH, Justice (concurring specially).
I concur in the judgment of the majority reversing the summary judgments granted the defendant City of Birmingham but for different reasons than those expressed by the majority.
In fact, I must respectfully disagree with my brother Mr. Justice Embry, writing for the majority, in his conclusion that the city "may be sued for breach of its duties, implied in fact, arising from that contract" between it and Mrs. Walker who had purchased a ticket to Jimmy Morgan Zoo. He cites Sims v. Etowah County Board of Education, [1976] Ala., 337 So.2d 1310. I joined in Mr. Justice Faulkner's dissent in that case as did Mr. Justice Maddox.
However, I think the tort counts are good and therefore I concur in the present judgment of reversal as to those counts. I do not think the statutes provide governmental immunity from tort to the City of Birmingham in suits by persons injured on sidewalks maintained by the city in public parks.
Tit. 37, § 502, Code of Alabama 1940 and City of Bessemer v. Whaley, 187 Ala. 525, 65 So. 542 (1914), specifically provide for municipal tort liability for injuries suffered due to defects in sidewalks, inter alia, cf. Jones v. City of Birmingham, 284 Ala. 276, 224 So.2d 632 (1969). Although citing this rule of law, Jones refuses to hold that "[a] public way in a park is still a public way." It expressly holds that a public sidewalk entirely within a public park is not an "ordinary public sidewalk" and therefore falls within the governmental immunity granted the city in the operation of a public park. I would overrule Jones.
I would hold that the exception in Tit. 62, § 660, Code of Alabama 1940, that governmental immunity does not extend to "injuries arising out of defects in highways. . . ." applies here. Sidewalks are part of the system of public highways notwithstanding their being totally encompassed by a public park. The intention of the legislature was to except injuries therefrom from the then existing governmental immunity, in my judgment.
MADDOX and FAULKNER, JJ., concur.
JONES, Justice (concurring specially).
I agree that plaintiffs have a tort action as stated in Mr. Justice Bloodworth's special concurring opinion and also have a contract action as stated in Mr. Justice Embry's opinion.
HEFLIN, C.J., and ALMON and SHORES, JJ., concur.