I concur in the result. As the governmental immunity wall was being dismantled piece by piece, I voted as follows: I dissented in Jackson v. City of Florence, 294 Ala. 592,320 So.2d 68 (1975); and Lorence v. Hospital Board of MorganCounty, 294 Ala. 614, 320 So.2d 631 (1975); I concurred in the result in Hudson v. Coffee County, 294 Ala. 713, 321 So.2d 191
(1975) and Wilson v. Dothan City Board of Education, 295 Ala. 61, 322 So.2d 708 (1975), because the Court, in those two cases did not permit a suit for a pre-Lorence and pre-Jackson injury respectively; In Loyd v. City of Florence, 335 So.2d 657 (Ala. 1976), I specially concurred and pointed out the problems created when the Court made the rule in Jackson and Lorence
prospective; I concurred in Sims v. Etowah County Board ofEducation, 337 So.2d 1310 (Ala. 1976), which immunized the board from a suit ex delicto; I concurred in Enterprise CityBoard of Education v. Miller, 348 So.2d 782 (Ala. 1977), wherein the Court held that the city board was immune from suit in tort; in Board of School Commissioners of Mobile v. Caver,355 So.2d 712 (Ala. 1978), I joined the other members of the Court in holding that legislative authorization to "sue and be sued" permitted maintenance of a tort suit against the board; in Cook v. County of St. Clair, 384 So.2d 1 (Ala. 1980), I filed a special concurrence in which I suggested that for me to continue to dissent in governmental immunity cases would serve no useful purpose.
I still subscribe to the view that the question of governmental immunity or governmental responsibility for torts is primarily a question for the legislative branch of *Page 115 
government. The problems created by the court decisions in this area, especially the problems created when the Court made the decisions prospective, could have been handled much better by the legislature, in my opinion. The legislature did not act, however, to overturn the decisions which abolished governmental immunity. Instead, the legislative response to the authorization of tort suits against governmental entities was the passage of an act which specified a maximum amount of money damages recoverable against a "governmental entity." Code 1975, § 11-93-1 through § 11-93-3.
While this act specifically did not "subject any governmental entity to liability for tort claims where liability therefor does not already exist at law" (§ 11-93-3), the Act implicitly recognized the decisions of this Court which had abolished governmental immunity.
I did not join the majority until Cook, and I technically could say that insofar as I am concerned, that Cook was the starting point for prospective application of the rule announced therein, but that would be illogical; therefore, I concur in the result, and refer the reader to my special concurrence in Cook.