533 So.2d 534 (1988)
CITY OF BIRMINGHAM
v.
BLOUNT COUNTY, et al.
86-1436.
Supreme Court of Alabama.
August 5, 1988.
As Corrected on Denial of Rehearing September 16, 1988.
*535 David J. Vann and Ronald L. Stichweh of Carlton, Vann & Stichweh, and James K. Baker, City Atty., Birmingham, for appellant.
Wayman G. Sherrer, B.J. McPherson, Oneonta, for appellees.
ALMON, Justice.
The single issue in this appeal is whether the decision of this Court in City of Fultondale v. City of Birmingham, 507 So.2d 489 (Ala.1987), will be retroactively applied in this case. After the Court's decision in City of Tuskegee v. Lacey, 486 So.2d 393 (Ala.1985), the City of Birmingham annexed the Inland Lake property in Blount County via the rights-of-way of State Highway 75, Old State Highway 75, and Inland Lake Road. Blount County and others filed this suit to have the annexation declared invalid.
While this case was pending, this Court overruled City of Tuskegee in City of Fultondale, and the trial court thereafter granted summary judgment in favor of the plaintiffs. The City of Birmingham concedes that the "long lasso" annexation in the instant case would be invalid under the holding in City of Fultondale; however, it argues that this annexation was in accordance with the decision in City of Tuskegee v. Lacey, which was the law at the time of the annexation and that, therefore, the annexation should be upheld.
This case was pending in the trial court when City of Fultondale was decided; in fact, this Court granted a writ of mandamus ordering a change of venue in this case shortly before it decided City of Fultondale. Ex parte City of Birmingham, 507 So.2d 471 (Ala.1987). Birmingham enacted the ordinances of annexation at issue in City of Fultondale in April and May 1986; the City of Fultondale filed its complaint on May 14, 1986. Birmingham enacted the ordinance of annexation at issue here on June 10, 1986; Blount County filed its complaint in this case on June 17, 1986. Thus, the Fultondale annexation was prior to the Blount County annexation; the Fultondale lawsuit was filed before the Blount County suit was filed; and the Fultondale suit was tried on the merits and reversed on appeal before the Blount County case moved beyond the pleading stage.
In this case, there had been no ruling on the reasonableness of the Blount County annexation or on the applicability of the long-lasso doctrine before this Court abandoned *536 that doctrine in City of Fultondale. The opinion in City of Fultondale shows that the parties therein did not argue that City of Tuskegee v. Lacey should be overruled, only that the annexations at issue were unreasonable. Blount County's suit, challenging Birmingham's annexation into that county as unreasonable, was pending at the time City of Fultondale was announced, and the Jefferson County Circuit Court ruled shortly after the change of venue that summary judgment for Blount County was due to be granted.
This Court has resolved the question of retroactive application in a number of ways. In overruling the longstanding doctrine of municipal immunity, this Court held that the new rule of liability would apply in the appellant's case and in cases of injury occurring after the date the new rule was announced. See Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975); Harris v. Board of Water & Sewer Commissioners of the City of Mobile, 294 Ala. 606, 320 So.2d 624 (1975); Lorence v. Hospital Board of Morgan County, 294 Ala. 614, 320 So.2d 631 (1975); Wilson v. Dothan City Bd. of Education, 295 Ala. 61, 322 So.2d 708 (1975).
In Walker v. City of Birmingham, 342 So.2d 321 (Ala.1976), this Court overturned a ruling that had made Birmingham immune from suit for injuries arising on sidewalks in its public parks. Then, in City of Birmingham v. Brasher, 359 So.2d 1153, 1155 (Ala.1978), this Court held that the Walker decision applied to Brasher's injury suffered two years before the Walker decision, because
"Walker was not limited to prospective application at the time of its issuance, and we are not now presented with a contract right or vested right which would compel such application. Cf. Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975); 21 C.J.S. Courts § 194b."
In a series of cases overturning gender-based property laws, this Court held that the new rulings would apply in cases where no rights had vested prior to the new ruling. Ransom v. Ransom, 401 So.2d 746 (Ala.1981); Stallworth v. Hicks, 434 So.2d 229 (Ala.1983); Hall v. McBride, 416 So.2d 986 (Ala.1982); Land v. Bowyer, 437 So.2d 524 (Ala.1983); Prine v. Wood, 447 So.2d 725 (Ala.1984).
In Louisville & N.R.R. v. Atkins, 435 So.2d 1275 (Ala.1983), this Court was presented with the applicability, in an action under the Federal Employers' Liability Act, of a decision, Culver v. Slater Boat Co., 688 F.2d 280 (5th Cir.1982), changing the rule on evidence of future inflationary trends. This Court stated, in response to the argument for retroactive application:
"Nor can we agree with plaintiff that Culver authorizes retroactive operation in this case by way of a new trial. The Culver court expressly applied its holding to `cases (i) now being tried, (ii) tried hereafter and (iii) those heretofore tried and now on, or subject to appeal in which the issue has been properly and adequately raised.' (Emphasis added [in Atkins].) As we have shown above, the issue of future inflation was not properly raised in the court below, and thus the retroactivity aspect of Culver has no application here."
Atkins, supra, at 1278-79. Of course, Culver was concerned with an evidentiary issue regarding damages, and we are here concerned with the rule of law that disposes of the substantive merits of the case. Even so, the above-quoted rule is applicable to indicate that a retroactive application of City of Fultondale is appropriate at least if it comes in a case where a challenge to an annexation was pending when City of Fultondale was released, where no dispositive ruling on the long-lasso doctrine had been made, and where the case was at a preliminary stage where the validity or applicability of the long-lasso doctrine could still be raised. In any such case the issue could have been raised even if City of Fultondale had not overruled City of Tuskegee v. Lacey.
The City of Fultondale ruling should be applied to this case. "The determination of retroactive or prospective application of a decision overruling a former decision is a matter of judicial discretion which must be *537 exercised on a case by case basis." State v. Morrison Cafeterias Consolidated, Inc., 487 So.2d 898, 903 (Ala.1986). The Court overturned the long-lasso annexations at issue in City of Fultondale, and the opinion did not expressly limit its holding to quasi-prospective relief. See Jackson v. City of Florence and Lorence v. Hospital Board of Morgan County, supra. The long-lasso doctrine was not a well-established rule of long standing, so the usual reason for giving only prospective operation to a new ruling is not present here.
The judgment of the trial court is affirmed.
AFFIRMED.
BEATTY, J., concurs.
TORBERT, C.J., and MADDOX and STEAGALL, JJ., concur specially.
JONES, SHORES, ADAMS and HOUSTON, JJ., dissent.
TORBERT, Chief Justice (concurring specially).
I believe that the decision in City of Fultondale v. City of Birmingham, 507 So.2d 489 (Ala.1987), was correctly held by the trial court to control the decision in this case.
The outcome of City of Fultondale and the outcome of this case depended upon the viability of the "long-lasso doctrine." The parties in City of Fultondale had relied on City of Tuskegee just as much as, if not more than, the parties in this case. When we decided City of Fultondale, we did not limit our decision to a prospective application; I would not now attempt to so limit it.
STEAGALL, J., concurs.
MADDOX, Justice (concurring specially).
The City of Birmingham makes a very persuasive argument that this Court should give City of Fultondale v. City of Birmingham, 507 So.2d 489 (Ala.1987), prospective application only, but I cannot agree with the City.
I agree that City of Fultondale should be applied retroactively, because of the following reasons:
1) City of Tuskegee v. Lacey, 486 So.2d 393 (Ala.1985), was overruled by City of Fultondale; this Court in City of Fultondale properly abandoned the rationale of City of Tuskegee;
2) The law of annexations was not "clearly declared" in City of Tuskegee; therefore, the principle of law stated in State v. Morrison Cafeterias Consolidated, Inc., 487 So.2d 898, 903 (Ala.1985), to the effect that "[w]here parties have acted upon the law as clearly declared by judicial decision, they will be protected, although such decisions are thereafter overruled," has no application here.
That the law was not "clearly declared" in City of Tuskegee seems to have been recognized by a majority of this Court in that case. There, the Court stated that "the wholesale allowance of ... `the long lasso doctrine' would invite abuse and substantial problems" 486 So.2d at p. 396.
Even assuming, however, that we applied the principle of law stated in Morrison Cafeterias, and exercised our "judicial discretion... on a case by case basis" in determining whether to apply City of Fultondale prospectively only, I would not apply City of Fultondale prospectively only, in this case. The City of Birmingham, which seeks to obtain the benefit of City of Tuskegee, was successful in getting this Court to overturn City of Tuskegee in the City of Fultondale case.
While an argument could be made that it was not necessary to a decision in City of Fultondale to overturn City of Tuskegee, the fact is that this Court did overturn it.
I recognize that "[w]hen a rule established by judicial decision has existed long enough to be relied upon by those acquiring rights to, or title in, certain property, courts should be loath to destroy such rights when overruling prior decisions," Jackson v. Fillmore, 367 So.2d 948 (Ala. 1979), but that principle is not applicable here. The City obviously relied upon City of Tuskegee in order to justify its annexation *538 in this case, but the legality of its annexation was challenged promptly, and before the trial court entered a judgment in the case, City of Tuskegee had been overturned by this Court. Based on these facts, it seems most inappropriate to allow the City of Birmingham to rely on a case that was overturned while it was involved in a judicial determination of its rights under that decision, especially when it was the City itself that successfully asked this Court to overturn the very decision it now relies upon to support this particular annexation.
Because of the foregoing reasons, I concur specially.
SHORES, Justice, dissenting:
Although the decision in City of Fultondale expressly overruled City of Tuskegee, in fairness to all who have justifiably relied upon this Court's decision in City of Tuskegee and completed the "long-lasso" annexation prior to our decision in City of Fultondale, I would hold that City of Fultondale should receive prospective application only.
JONES and ADAMS, JJ., concur.
HOUSTON, Justice (dissenting).
I adopt my dissent in City of Fultondale v. City of Birmingham, 507 So.2d 489 (Ala.1987).