This case involves post-divorce proceedings.
Sheila Faye Martin and Arthur Louis Martin divorced in February 1990. Their agreement, involving, inter alia, a property division, was incorporated into the divorce judgment; that agreement did not mention the husband's military retirement benefits. There is nothing in this scant record to indicate that the final judgment was appealed from or was modified.
In February 1994, four years after the divorce judgment became final, the wife petitioned to modify the property division in the divorce judgment. She alleged that after her divorce judgment was entered, the Supreme Court, in Ex parteVaughn, 634 So.2d 533 (Ala. 1993), changed Alabama law regarding the division of military retirement benefits, and that equity required the retroactive application of Vaughn to her case. Ultimately, following oral argument, the trial court granted the husband's motion to dismiss. The order dismissing the petition noted that at the time of the divorce, "retirement benefits were not an asset subject to division and, therefore, modification to include the same would not be proper." The wife's post-judgment motion was denied; hence, this appeal.
The wife argues that the trial court erred in refusing to apply Vaughn, supra, retroactively and to modify the divorce judgment to divide the husband's military retirement benefits. She also argues that the trial court erred in refusing to partition the retirement *Page 848 
benefits, pursuant to Ala. Code 1975, § 35-6-20 et seq.
Partition of jointly-owned property may be permitted in certain instances. See Ala. Code 1975, § 35-6-20 et seq. The scant record contains no pleading or ruling concerning the wife's partition issue. It contains the wife's original petition regarding modification, and her amended petition seeking "declaratory and injunctive relief" concerning the husband's military retirement benefits. The record indicates that the court heard certain motions, but the record contains no transcript of the hearings. There is simply nothing in the record to indicate that the trial court considered the issue of partition. Because the record does not indicate that that issue was raised in the trial court, it cannot be raised for the first time on appeal. Bechtel v. Crown Central Petroleum Corp.,451 So.2d 793 (Ala. 1984); Whitworth v. Dodd, 435 So.2d 1305
(Ala.Civ.App. 1983). It is well settled that an appellate court will not hold a trial court in error "in regard to a matter that, according to the record, was neither presented to nor decided by it." Ocean Cruise Lines, Inc. v. Abeta TravelService, Inc., 562 So.2d 205, 209 (Ala. 1990). Only rulings of the trial court can be reviewed by an appellate court. Bevillv. Owen, 364 So.2d 1201 (Ala. 1979). An error asserted on appeal must be affirmatively demonstrated by the record, and if the record does not disclose the facts upon which the asserted error is based, such error may not be considered on appeal.Liberty Loan Corp. of Gadsden v. Williams, 406 So.2d 988
(Ala.Civ.App. 1981).
Furthermore, while the wife's argument at trial and on appeal is primarily concerned with whether the application ofVaughn, supra, should be applied prospectively only, or retroactively as well, the dispositive issue is whether the trial court erred in refusing to modify a property division contained in a four-year-old divorce judgment.
In Vaughn, our Supreme Court overruled the prohibition against dividing military retirement benefits in a divorce proceeding. The wife asserts that the Supreme Court did not specifically state whether that ruling was to apply retroactively or prospectively only. She argues that the determination of prospective or retroactive application of a decision that overrules prior decisions is a matter of judicial discretion that must be exercised on a case-by-case basis, citing, inter alia, City of Birmingham v. Blount County,533 So.2d 534 (Ala. 1988).
The law concerning the finality of a property division in a divorce judgment is well settled. Generally, the property provisions of a divorce judgment are not modifiable.Williams v. Williams, 591 So.2d 879 (Ala.Civ.App. 1991). After "thirty days have elapsed from the date of a divorce decree," a property division may be modified only for the purpose of correcting clerical errors. Lloyd v. Lloyd,508 So.2d 276, 278 (Ala.Civ.App. 1987). The trial court in the case sub judice simply lacked the jurisdiction to modify a property provision in these parties' divorce judgment, which was over four years old. Matthews v. Matthews, 608 So.2d 1386
(Ala.Civ.App. 1992).
Even if the wife's issue regarding the retroactive application of Vaughn was the true issue on appeal, the record in this case is inadequate for a determination in that regard. The record does not reveal whether the retirement benefits were qualifying, disposable benefits, subject to Vaughn, whether the trial court, in fact, refused to divide those benefits based upon the law in effect at the time of the divorce, or whether the trial court even considered those benefits, since it may have merely accepted the parties' agreement regarding the property division. Furthermore, the parties' agreement regarding the property division, which was ratified by the trial court, may have favored the wife in the division of other assets, in lieu of dividing the military retirement benefits. Without so stating, the parties may have agreed not to consider the husband's military retirement benefits in their property agreement.
Without determining the propriety of the trial court's rationale in dismissing the wife's petition, we affirm its judgment. Even if its reason for dismissing the wife's action was incorrect, the dismissal was proper and will *Page 849 
not be disturbed. Boykin v. Magnolia Bay, Inc., 570 So.2d 639
(Ala. 1990).
Accordingly, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
CRAWLEY, J., concurs specially.