CRAWLEY, Judge.
Billy Wayne Danzey (the “husband”) and Cynthia Jane Danzey (the “wife”) were divorced in 1990. At the time of their divorce, they entered into an agreement that, among other things, awarded the wife the marital residence and the six acres of land upon which it was situated. That agreement was incorporated into the judgment of divorce. The paragraph in the divorce judgment awarding the wife the marital residence reads as follows:
“10. [The husband] shall execute and deliver to [the wife] an appropriate Warranty Deed conveying all of his right, title and interest in the former marital residence ... and the six (6) acres of real property upon which said marital residence is located.... The purpose of this Warranty Deed shall be to divest [the husband] of any interest in the former marital residence and the aforesaid six (6) acres of real property. [The wife] shall receive all right, title and interest of [the husband] in said house and six (6) acres of real property. [The wife] shall be responsible for payment of the first mortgage owed on said house and six (6) acres of real property to *948 Altus Bank, a Federal Savings Bank. [The husband] shall be responsible for and shall pay any second mortgage, third mortgage and/or any other liens and encumbrances existing on said house and six (6) acres of real property. The purpose of this paragraph is to vest [the wife] with absolute fee simple title to said house and six (6) acres of real property and to require and order [the wife] to be responsible for and to pay the outstanding first mortgage on said property. [The husband] shall be responsible for payment on any second mortgage and [the husband] shall hold [the wife] harmless from payment of any second mortgage, third mortgage and/or any other lien or encumbrance on said property. [The wife] shall be responsible for all real estate taxes due on said property.”
In 1998, the wife filed a petition, seeking to hold the husband in contempt for failing to pay off the indebtedness secured by the marital residence and the surrounding property that he was made responsible for in the divorce judgment. After a hearing on the wife’s petition, the trial court ordered the husband to “clear” the indebtedness on the house and the property within four months, in compliance with the divorce judgment. The husband appeals, arguing that the trial court’s order is an impermissible modification of the property settlement under the 1990 divorce judgment. We agree and reverse.
The wife argues that the trial court was simply clarifying the divorce judgment by imposing eight years as a reasonable time for the husband to have retired the indebtedness secured by the property. However, our reading of the relevant paragraph in the divorce judgment does not lead us to conclude that the trial court was merely clarifying the judgment. The judgment required the husband to pay the indebtedness secured by the property and to hold the wife harmless as to that indebtedness. Nothing in the judgment required the husband to pay off the indebtedness within any specified time. The trial court’s “clarification” granting the husband four months in which to retire the indebtedness imposes upon the husband a requirement that does not appear in the divorce judgment.
Generally, the property provisions of a divorce judgment are not modifiable more than 30 days after the judgment. Martin v. Martin, 656 So.2d 846, 848 (Ala.Civ.App.1995). The trial court’s order substantially changes the meaning of the divorce judgment. Thus, the order is an impermissible modification of the divorce judgment. The judgment of the trial court is reversed, and the case remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
ROBERTSON, P.J., and THOMPSON, J., concur.
YATES and MONROE, JJ., dissent.