THOMPSON, Presiding Judge.
Nora Jean Randle (“the wife”) appeals from the judgment of the Montgomery Circuit Court (“the trial court”) dismissing her .petition to divide the military-retirement pay of Melvin Randle, Jr, (“the husband”). The husband is retired from the United States Air Force.
The record indicates the following. The parties were married in 1972 and divorced in 1985. The divorce judgment, which is included in the récord on appeal 'in this case, was dated February 20,1985. In the divorce judgment, the trial court awarded custody of the parties’ child to the wife, ordered the husband to pay child support, and divided the parties’ marital property. The husband’s military-retirement pay was not included as a marital asset subject to division, and the wife was not awarded a portion of that pay. The trial court did state that “[a]ny benefits or rights of the wife under the Former Military Spouse’s Protection Act[1] which may accrue to her in the future are specifically awarded herein.” The wife also was not awarded periodic alimony, and the trial court did not reserve jurisdiction to rule on that issue in *78 the 1985 divorce-judgment. There is no indication in the record before us that the wife appealed from the divorce judgment.
Almost nine months after the entry of the divorce judgment, on November 13, 1985, the wife filed a petition asking the trial court to award her a specific amount of money to be paid from the husband’s military-retirement pay. On February 11, 1986, the trial court entered an order dismissing the wife’s petition on the ground that it no longer had jurisdiction to award the wife alimony.[2] There is no indication in the record before us that the wife appealed from the February 1986 order.
More than 27 years after the trial court denied the wife’s petition seeking a specific amount of the husband’s military-retirement pay, on October 4, 2013, the wife again filed a petition to divide the husband’s military-retirement pay.[3] The husband filed a motion to dismiss, and the trial court held a hearing on the issue. On June 9, 2015, the trial court granted the motion to dismiss on the ground that it lost jurisdiction to modify the property division in the parties’ divorce judgment once 30 days had elapsed after the date the divorce judgment was entered. The wife filed a timely notice of appeal.
The wife contends that the trial court erred in dismissing her current petition because, she says, the Alabama Supreme Court has overruled the case that the trial court relied on in dismissing her 1985 petition, seeking a specific amount of the husband’s military-retirement pay.
When the parties divorced in 1985, Alabama courts did not treat an award of military-retirement benefits as a marital asset subject to division as either a property settlement or alimony in gross. Kabaci v. Kabaci, 373 So.2d 1144, 1146 (Ala.Civ.App.1979). However, in 1993, our supreme court changed the interpretation governing the treatment of military-retirement benefits, holding that
“disposable military retirement benefits, as defined by 10 U.S.C. § 1408(a)(4), accumulated during the course of the marriage constitute marital property and, therefore, are subject to equitable division as such. Furthermore, to the extent that they are inconsistent with this holding, Kabaci and the cases relying on the rule of Kabaci are overruled.”
Ex parte Vaughn, 634 So.2d 533, 536-37 (Ala.1993).
The wife, who is represented by counsel, contends that, because the trial court relied on Kabaci, which was subsequently overruled by Ex parte Vaughn, to dismiss her 1985 petition seeking a specific amount of the husband’s military-retirement pay, the property division set out in the parties’ divorce judgment “is ripe for a new hearing.” The same argument was presented to this court in Martin v. Martin, 656 So.2d 846 (Ala.Civ.App.1995). In Martin, the parties divorced in 1990. In dividing the marital property, the trial court in that case did not mention the husband’s military-retirement benefits. Four years after the divorce judgment was entered, and about six months after the supreme court’s decision in Ex parte Vaughn was issued, the wife in Martin petitioned to modify the *79 property division set out in the parties’ 1990 divorce judgment, seeking a “retroactive application of Vaughn” to obtain a portion of the husband’s military-retirement pay. Id. at 847. The issue in Martin was framed as whether the holding in Ex parte Vaughn should be applied prospectively only or whether it should be applied retroactively as well.
This court was unequivocal in its rejection of the wife’s argument, writing:
“The law concerning the finality of a property division in a divorce judgment is well settled. Generally, the property provisions of a divorce judgment are not modifiable. Williams v. Williams, 591 So.2d 879 (Ala.Civ.App.1991). After ‘thirty days have elapsed from the date of a divorce decree,’ a property division may be modified only for the purpose of correcting clerical errors. Lloyd v. Lloyd, 508 So.2d 276, 278 (Ala.Civ.App.1987). The trial court in the case sub judice simply lacked the jurisdiction to modify a property provision in these parties’ divorce judgment, which was over four years old. Matthews v. Matthews, 608 So.2d 1386 (Ala.Civ.App.1992).”
Martin, 656 So.2d at 848.
In this case, the parties’ divorce judgment was entered more than 28 years before the wife’s most recent attempt to modify the property division in the parties’ divorce judgment in an effort to obtain a portion of the husband’s military-retirement pay. MaHin was decided nearly 19 years before the wife filed her current petition. As Judge Crawley pointed out in his special concurrence in Martin, as early as 1982 — before the parties in this case divorced — courts in other states had taken notice of the authorization given by the Uniformed Services Former Spouses’ Protection Act (“the USFSPA”) and had held that military-retirement benefits were subject to distribution as marital property. Martin, 656 So.2d at 849 (Crawley, J., concurring specially). Nonetheless, as was the case in Martin, the wife in this case did not appeal from the 1985 divorce judgment to ask this court to reconsider its decision in Kabaci. See id. Based on firmly established precedent, we conclude that the trial court in this case correctly determined that it did not have jurisdiction to grant the relief the wife seeks.
The wife also contends that the trial court erred in dismissing her petition because, she says, a provision of the 1985 divorce judgment awarded her any future benefits that she might have been entitled to under the USFSPA. In the 1985 divorce judgment, the trial court awarded the wife “[a]ny benefits or rights ... under the [USFSPA] which may accrue to her in the future.” In her brief on appeal, the wife asserts that “there is no other rational explanation for [the trial court] to do so, other than [its] desire to award the former wife some portion of the former husband’s military retirement pay.”[4] To support her proposition, the wife relies on her contention that her case must now be considered under the holding of Ex parte Vaughn, and not the holding of Kabaci, which is an argument we have already rejected. Moreover, to the extent the wife might be claiming that the pertinent provision in the 1985 divorce judgment is ambiguous, “although a trial court has authority to clarify the terms of an ambiguous divorce judgment, the trial court cannot use that power to modify property-division provisions in a divorce judgment, which *80 become final after 30 days.” Egres v. Egres, 85 So.3d 1026, 1032-33 (Ala.Civ.App.2011).
The trial court did not err in determining that it did not have jurisdiction to award the wife a portion of the husband’s military-retirement pay more than 28 years after the parties’ divorce judgment was entered. Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.'
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. The proper name of the legislation, enacted by Congress in 1982 and effective as of February 1, 1983, is the Uniformed Services Former Spouses’ Protection Act ("the USFSPA”). Section 1408(c)(1), a part of the USFSPA, provides, in part, that, subject to certain limitations, "a court may treat disposable retired pay payable to a [military] member for pay periods beginning after June 25, 1981, either as property solely of the member or as property of the member and his spouse in accordance
Another provision of the USFSPA allows a state court to require a military member to participate in a "Survivor's Benefit Plan” and to maintain a former spouse as the beneficiary of that plan, 10 U.S.C. § 1448. Additionally, with certain limitations, former spouses are eligible for other military benefits such as medical care, commissary, base exchange (BX), and theater privileges.

. In the 1986 order, the trial court did not distinguish between periodic alimony and alimony in gross. We note, however, that military-retirement pay is treated as marital property subject to division. See, e.g., 10 U.S.C. § 1408(c)(1); Mansell v. Mansell, 490 U.S. 581, 584, 109 S.Ct. 2023, 104 L.Ed.2d 675 (1989); and Spuhl v. Spuhl, 120 So.3d 1071, 1074-75 (Ala.Civ.App.2013).

. In her brief on appeal, the wife states that she "could not find counsel willing to represent her at a fee that she could afford until 2013."

. We note that the same judge who entered the divorce judgment also dismissed the wife’s 1985 petition asking the trial court to award her a specific amount of the husband's military-retirement pay.